UNITED STATES, Appellee

v.

DALE M. ANDIS, Corporal, U. S. Army, Appellant

2 USCMA 364, 8 CMR 164

No. 712

Decided March 31, 1953

Lt Col George M. Thorpe, U. S. Army, and 1st Lt Benjamin Feld, U. S. Army, for Appellant.

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Kenneth A. Howard, U. S. Army, for Appellee.

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of larceny and wrongful sale of Government property in violation of Articles 121 and 108, 50 USC §§ 715 and 702, and was sentenced to dishonorable discharge, total forfeitures, and confinement for eighteen months. The convening authority disapproved the finding on the larceny charge and specification, approving the remaining findings and the sentence. The board of review affirmed. We granted the accused's petition, limited to the issue of whether certain comments by the law officer on the sufficiency of the evidence and duties of the court were proper.

In deciding whether the statements of the law officer constituted prejudicial error, it is first necessary that we ascertain the general rules applied in civilian criminal courts concerning comment by the judge on the evidence. We have already made clear our desire to effectuate the policy of Congress that law officers should have, wherever possible, the same responsibilities and duties that attach to the civilian judge. United States v. Berry (No. 69) 2 CMR 141, decided March 18, 1952; Hearings before House Committee on Armed Services, 81st Congress, 1st Session on HR 2498, at page 607.

At common law, in the trial of both civil and criminal cases, the judge was permitted to comment freely on the evidence, so long, of course, as he advised the jury that the decision as to factual issues was ultimately theirs. 3 Blackstone, Commentaries on the Laws of England (Kerr's ed. 1876) 375; Hale, History of the Common Law (4th ed. 1792) 291, 292. This rule still obtains in England, and is given quite liberal application. See Rex v. O'Donnell (1917) 12 Cr App Rep 219. However, in the majority of American jurisdictions, this common law rule has been abrogated—by constitution, by statute and by judicial decision. This departure from the common law concepts of judge-jury relationships has, however, been severely criticized by most authorities. See Johnson, Province of the Judge in Jury Trials (1928) 12 J Am Jud Soc 76; Pound, Criminal Justice in America (1929) 15 Am BAJ 657; Thayer, Preliminary Treatise on Evidence at the Common Law (1898) 188; Sunderland, The Inefficiency of the American Jury (1915) 13 Mich L Rev 302. Indeed, an examination of the cases accepting the no-comment rule will show that the judges have seldom indicated an appreciation of the fact that they were announcing a doctrine unfamiliar to the common law. Without argument, without thorough examination of the problem, and, in many instances, without authority, they have simply held that a judge's expression of opinion on the facts invades the province of the jury. It may be noted that severe criticism of this rule has led some states to reconsider their positions. Several jurisdictions have now repealed previously existing statutes prohibiting comment on the evidence by the judge. The 1930 draft of the American Law Institute Code of Criminal Procedure, section 325, goes back to the common law rule. For further evidence of retrenchment, see Comment (1932) 30 Mich L Rev 1303.

Despite the prevalence of the opposite view, the Federal courts have consistently adhered to the common law doctrine permitting comment. See Carver v. Jackson (1830, US) 4 Pet 1, 7 L ed 761; Hickory v. United States (1895) 160 US 408, 40 L ed 474, 16 S Ct 327; Horning v. District of Columbia (1920) 254 US 135, 65 L ed 185, 41 S Ct 53; Quercia v. United States (1933) 289 US 466, 77 L ed 1321, 53 S Ct 698; Inland Freight Lines v. United States, 191 F2d 313 (CA 10th Cir) (1951); United States v. Aaron, 190 F2d 144 (CA 2d Cir) (1951). As the Supreme Court put it in Capital Traction Company v. Hof (1898) 174 US 1, 43 L ed 873, 19 S Ct 580, " 'Trial by jury' . . . is not merely a trial by a jury of twelve men . . . but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts . . . .

This direction and superintendence is an essential part of the trial."

Of course, the Federal rule is not without its limitations. The judge must be cautious not to infringe on the accused's right to an impartial trial by jury. The judge cannot determine the facts, but he can express an advisory opinion. In all cases, he must make it clear to the jury that his opinion as to the evidence—except, of course, on questions of law—is not binding. The Federal courts recognize that while comment can be of inestimable aid to the jury in arriving at a just verdict, it can, misused, create irreparable harm. To protect the accused in criminal trials, it is provided that the judge in his comments must not distort or add to the evidence; that he must not draw unwarranted inferences and must not emphasize, in summing up the evidence, portions in favor of one party and minimize those in favor of the other. He can make no appeal to the passions and prejudices of the jury, nor be argumentative in favor of or against one of the parties. He is permitted to express an opinion even on the guilt of the defendant, so long as he advises the jury clearly and unequivocally that his opinion is not binding. For cases embodying these limitations, see United States v. Murdock, 290 US 389, 78 L ed 381, 54 S Ct 223; Hickory v. United States, supra; Quercia v. United States, supra; Hicks v. United States, 150 US 442, 37 L ed 1137, 14 S Ct 144; Allison v. United States, 160 US 203, 40 L ed 395, 16 S Ct 252; Horning v. District of Columbia, supra; Herron v. Southern P. Co. 283 US 91, 75 L ed 857, 51 S Ct 383; Robinson v. United States, 290 Fed 755 (CA 2d Cir) (1923), cert den, 263 US 700, 68 L ed 513, 44 S Ct 6; Boyett v. United States, 48 F2d 482 (CA 5th Cir) (1931); United States v. Notto, 61 F2d 781 (CA 2d Cir) (1932).

We are persuaded that the Federal rule is most likely to produce that degree of cooperation between judge and jury essential to the desired result of justice in the trial forum, and that it should be made applicable to court-martial trials. We feel that we are justified in concluding that the difference between composition of the fact-finding body in the military and civilian community gives added weight to the argument that little harm and much good can come from assistance by the law officer in factual determinations by restrained comment on the evidence. This view is buttressed by the provisions of the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1951. Article 36 of the Code, 50 USC § 611, provides that the President in prescribing court-martial procedure shall, so far as he deems practicable, apply the principles and rules generally recognized in the Federal District Courts. Paragraph 39b(1) of the Manual states that "The law officer is responsible for the fair and orderly conduct of the proceedings in accordance with law in all cases which are referred to the court to which he is appointed." Paragraph 73c(1) of the Manual, in discussing the instructions that should be given by the law officer, states as follows:

"In summarizing or commenting upon the evidence, the law officer should use the greatest caution to insure that his remarks do not extend beyond an accurate, fair, and dispassionate statement of what the evidence shows, both in behalf of the prosecution and the defense. He should not depart from the role of an impartial judge, or assume the role of a partisan advocate. He should not assume as true the existence or nonexistence of a material fact in issue as to which the evidence is conflicting, as to which there is dispute, or which is not supported by the evidence, and he should make it clear that the members of the court are left free to exercise their independent judgment as to the facts."

We should add that we not only adopt the rule permitting comment but also the limitations engrafted on that rule by the Federal courts. Law officers should proceed slowly in utilizing the power here conferred. Comment on the evidence should only be given when it will clarify the issues, assist the court in eliminating immaterial matters, or focus its attention upon the crucial points of the case. The line between proper and improper comment can and must be narrowly drawn, as the Fed-

eral cases cited supra make clear. The right to have the ultimate factual determination made by the court is fundamental to the system of military justice and any infringement upon that right cannot be viewed lightly. Each case must be tested separately. The exercise of the right and duty to comment must always rest in the sound discretion of the law officer, and will depend on the particular circumstances of each case. It is the primary obligation of the law officer to determine what he ought to say and where he ought to stop.

Applying these rules to the circumstances of this case, we think the comment by the law officer did ▆▆▆▆▆ ■ not constitute prejudicial error. The first comment criticized by defense occurred when defense was objecting to amendments offered by trial counsel. The amendments made changes in the dates of the alleged offenses, and the law officer observed that the evidence established that the incident in question occurred on the amended dates. Taken in context, these remarks amounted to no more than a statement that the new dates were supported by the evidence—not a statement that the accused committed the acts alleged. The law officer was not saying that the offenses were proven, but that if committed at all they were committed on the dates stated. A careful reading of the remarks in context convinces us that the court could not reasonably have been misled.

At a later point, the law officer stated that there was sufficient evidence in the record to connect the accused with certain exhibits offered in evidence. Even if this comment went too far—which we doubt—any prejudicial effect was dissipated when the law officer immediately admonished the court that the connective testimony was to be scrutinized by the court and accepted by them only if believed to be true.

Finally, after a motion for a finding of not guilty, the law officer denied the motion stating that, although there was some conflict in the evidence, it was the duty of the court to reconcile the conflicts and, if they are not susceptible of a logical reconciliation, then to find the accused not guilty. This statement is interpreted by defense to reverse the presumption of innocence. While we may agree that the law officer used inept language in explaining his ruling, we cannot say that the statement led the court into confusion concerning the burden of proof and presumption of innocence. This statement was not given as an instruction to the court, but rather as an explanation of the reasons for denying the defense motion. Indeed, it may be construed as a statement of the law that would be applied by the court if they chose to overrule the law officer's decision on the motion for a finding of not guilty. It is significant, we think, that immediately prior to the court's deliberations on the findings, the law officer instructed the court properly and fully on the burden of proof and presumption of innocence. He also told the court to "disregard any comment or statement made by me during the course of the trial which may seem to indicate an opinion as to the guilt or innocence of the accused, for you alone have the responsibility of deciding this issue." He stated that the court members must impartially resolve the ultimate issue as to guilt or innocence, and that the final determination as to weight of evidence or credibility of witnesses rested with the court.

Considering the remarks made, the context in which they were made, the time intervening between the remarks and the court's deliberations, and the full and proper instructions given to the court just prior to deliberations, we cannot say that the law officer committed prejudicial error by the statements made during the course of the trial. The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.