UNITED STATES, Appellee

v

WILLIAM D. YADEN, JR., Private First Class,
U. S. Marine Corps, Appellant

9 USCMA 274, 26 CMR 54

No. 10,834

Decided May 23, 1958

*Ensign David M. Clinard,* USNR, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, and *Lieutenant (jg) John V. L. Ellicott,* USNR, were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At the accused's trial for desertion the law officer instructed the court-martial in part as follows:

"You are advised that if the absence without proper authority is much prolonged, and there is no satisfactory explanation of it, these facts are circumstantial evidence from which the court may be justified in inferring an intent to remain away permanently.

"Of course, the questions of what constitutes a much prolonged absence and what constitutes a satisfactory explanation are questions for the court to determine. The explanation need not be one which excites the

274

sympathy of the court or which tends to justify the absence of the accused. It need be only an explanation which raises a reasonable doubt as to the inference of intent to remain away permanently that the court might otherwise draw from a much prolonged absence. Of course, this evidence should be considered along with all other evidence in the case."

We have held that it is prejudicial error to instruct the court-martial that evidence of a "much prolonged absence," for which there is no satisfactory explanation, is alone sufficient to justify an inference to remain away permanently. United States v Cothern, 8 USCMA 158, 23 CMR 382. Here, the law officer advised the court to consider the absence "along with all other evidence in the case," but his emphasis on the unexplained absence is so substantial that there is a fair risk that the court-martial was misled. See United States v Soccio, 8 USCMA 477, 24 CMR 287; United States v Noe, 7 USCMA 408, 22 CMR 198.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

This case extends the rule in United States v Soccio, 8 USCMA 477, 24 CMR 287, and allied cases. Here, when the instructions are considered within their four corners, they direct the court-martial members' attention to their duty to consider all evidence in the case as a base for their findings. The Government's evidence alone was sufficient to support the findings, but the accused testified at great length, seeking to explain his two extended absences. With the evidence in that posture, I am certain that the court-martial would so interpret the instructions as to require consideration of all the evidence introduced by both sides in arriving at their finding on the crucial element of intent.

For that reason, I would affirm the decision of the board of review.