UNITED STATES, Appellee

v

MATTHEW C. FARRIS, Corporal, U. S. Marine Corps, Appellant

9 USCMA 499, 26 CMR 279

No. 10,688

Decided August 1, 1958

*Captain Frederick D. Clements* argued the cause for Appellant, Accused.
*Lieutenant Colonel Charles H. Beale, Jr.,* argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Elimination tryouts were held at Camp Pendleton, California, during March 1956, to select a team to represent the First Marine Division in the Western Division Rifle and Pistol Matches. The accused was a contestant. Every Friday the contestants met to go over the activities for the next week. At these meetings, unsuccessful contestants were advised of their elimination, and were instructed to return to their regular organizations. The last meeting was held on March 30th. The members of the team were then selected. Those chosen were issued temporary additional duty orders and directed to report to Headquarters Company, First Marine Division. The accused was informed that he had been eliminated. However, he did not appear at his organization until 18 days later when he showed up to draw his pay. He was told that his absence was unauthorized, and he was placed on restriction.

Brought to trial on several offenses including absence without leave for the 18-day period, the accused testified in his own behalf. He said he had fired with the team from March 1 until April 18. During this period he lived in the barracks. He had a first class liberty card which permitted him to go on liberty after the day's firing, without the necessity of reporting to anyone. He admitted that the final eliminations were announced on March 30th when they "read off a list of names that had been dropped." He insisted, however, that his name was not among those read. Asked whether he had received temporary duty orders ordering him to Headquarters Company with the other successful contestants, he replied in the negative. But he maintained he had been told by the first sergeant to "wait around" because additional orders would be issued. He continued to fire with the team. His first indication of an unauthorized absentee status was when he reported to receive his pay.

To corroborate the accused's testimony the defense called a barracks mate.

The witness said he saw the accused at the barracks at various times between March 31 and April 18. He specifically recalled one occasion when he saw the accused take a shower. In addition, the accused's part-time employer, who operated an upholstery shop, testified that the accused, during this period, worked in the shop most of the afternoons, and that he often spoke of firing with the team.

In rebuttal, the captain of the pistol team testified that the accused had been dropped from the team around the 30th of March and that orders had never been cut placing him on it. After the team was formed, a daily muster was held at the designated team barracks.

On this appeal, the accused contends the law officer committed prejudicial error by failing to instruct on honest and reasonable mistake of fact as a defense to the unauthorized absence charge. In considering that issue it should be emphasized that we are not concerned with whether the evidence is sufficient as a matter of law to sustain the court-martial's findings. Neither are we concerned with the weight to be accorded the accused's testimony. United States v Swain, 8 USCMA 387, 24 CMR 197. The question is merely whether the record of trial contains sufficient credible evidence raising an issue for the court-martial's consideration.

It is well-settled that the law officer must submit to the court-martial every issue of fact raised by the evidence. We have held that an honest and reasonable mistake of fact may exonerate an accused from a charge of absence without leave. United States v Holder, 7 USCMA 213, 22 CMR 3. The testimony of the accused here raises such an issue. More than denying knowledge that he had been eliminated from the team, he maintained he was told he was to "wait around" for orders. His testimony is at least partially corroborated by two witnesses. We conclude, therefore, that the issue was raised for the court-martial. The law officer erred to the accused's prejudice in failing to present it to them.

Among the offenses is a charge of desertion from May 18, 1956, to March 4, 1957, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. The accused pleaded guilty to the lesser offense of absence without leave, but was found guilty as charged. The accused challenges the correctness of the law officer's instruction. The law officer advised the court-martial it could infer the required intent to remain away permanently from evidence of other facts and circumstances

" . . . such as evidence of a much prolonged period of absence without authority, for which there is no satisfactory explanation;

"That while absent the accused was in the neighborhood of a military activity and did not surrender to military authorities; and

"Evidence that the accused held himself out to the public as having been discharged from the service and evidence that the accused at the time he went on unauthorized absence was under charges.

"On the other hand, evidence of previous excellent and long service may be regarded as a basis for an inference that the accused did not intend to remain permanently absent."

The reporter's typographical arrangement of the instruction in the record of trial joins the absence circumstance with the main instruction and separates it from the other circumstances to be considered by the court-martial. Clearly, however, absence is mentioned as only one of the facts in evidence. We recently observed that it is not "the number or the position of the commas, semicolons, or periods that counts, but whether the instruction as a whole provides meaningful legal principles for the court-martial's consideration." United States v Smith, 8 USCMA 582, 584, 25 CMR 86. Here, the law officer did not single out unexplained absence itself as sufficient to show an intent to remain away perma-

nently. Cf. United States v Yaden, 9 USCMA 274, 26 CMR 54. On the contrary, the length and the nature of the absence was presented as merely one of the circumstances which could be considered by the court-martial in determining whether the accused possessed the necessary intent. Read naturally, and as a whole, there is no error in the instruction. We, therefore, affirm the decision of the board of review as to specification 2, Charge II.

The decision of the board of review as to Charge I and its specification and the sentence is set aside. The record of trial is returned to The Judge Advocate General of the Navy for resubmission to the board of review. In its discretion, it may dismiss the findings of guilty of Charge I and its specification and reassess the sentence on the basis of the remaining approved findings of guilt or it may order a rehearing on Charge I and the sentence.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with the Chief Judge in his analysis of the desertion instructions. I dissent from the holding that an honest and reasonable mistake of fact was reasonably raised to the absence without leave charge.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in the principal opinion's treatment of mistake of fact. However, as to its handling of the instructions concerning an inference of intent to remain away permanently from a prolonged absence which is not satisfactorily explained, I must dissent.

The record of trial in United States v Smith, 9 USCMA 88, 25 CMR 350, shows that the instructions there included the following:

" . . . [T]he court is advised that an intent on the part of an accused to remain permanently absent may be proved by circumstantial evidence, that is, evidence of facts and circumstances from which, according

to the common experience of mankind, such an intent may reasonably be inferred, such as evidence of a much prolonged period of absence without authority, for which there is no satisfactory explanation, that the accused surrendered at a considerable distance from his station, and that while absent the accused was in the neighborhood of a military post or station and did not surrender to military authorities."

In the Smith case, supra, the majority said:

" . . . [I]t is only necessary to consider the correctness of the law officer's instruction that an intent on the part of the accused to remain absent permanently may be inferred from 'evidence of a much prolonged absence without authority, for which there is no satisfactory explanation.' A similar instruction was held prejudicially erroneous in United States v Soccio, 8 USCMA 477, 24 CMR 287. The same holding must result here."

In the instant case the instructions read:

" . . . [T]he court is advised:

"That an intent on the part of an accused to remain permanently absent may be proved by circumstantial evidence, that is, evidence of facts and circumstances from which, according to the common experience of mankind, such an intent may reasonably be inferred, such as evidence of a much prolonged period of absence without authority, for which there is no satisfactory explanation;

"That while absent the accused was in the neighborhood of a military activity and did not surrender to military authorities; and

"Evidence that the accused held himself out to the public as having been discharged from the service and evidence that the accused at the time he went on unauthorized absence was under charges.

"On the other hand, evidence of previous excellent and long service may be regarded as a basis for an inference that the accused did not

502

intend to remain permanently absent."

I am unable to find a reasonable basis for distinction between the instructions in *Smith*, supra, and those in the instant case.

In addition, from a reading of the instructions in the instant case, it is clear to me the court members might reasonably have believed they could infer an intent to remain absent permanently if they found evidence of a prolonged period of absence without authority for which there is no satisfactory explanation or that they could infer such an intent from any one of the factors mentioned.

As in United States v Soccio, 8 USCMA 477, 24 CMR 287, the law officer here failed to advise adequately that the period of absence is but a single fact from which, when considered with all the other evidence in the case, an intent to desert may be inferred.

I would therefore extend the board of review's reconsideration to include specification 2 of Charge II.