UNITED STATES, Appellee

v

ROBERT B. HILL, Private, U. S. Army, Appellant

13 USCMA 158, 32 CMR 158

No. 15,700

June 15, 1962

*First Lieutenant Robert L. Brosio* argued the cause for Appellant, Accused. With him on the brief were *Captain Richard A. Baenen* and *Captain Jerome D. Meeker.*

*First Lieutenant Peter J. McGinn* argued the cause for Appellee, United States. With him on the brief was *Major Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Among other offenses, the accused was found guilty of wrongfully appropriating an automobile belonging to Private Philip F. Love, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction to the lowest enlisted grade. Intermediate appellate authori-

ties affirmed, and we granted accused's petition on the issue whether the law officer should have instructed on the defense of honest mistake in connection with the alleged misuse of Private Love's vehicle.

The evidence in the case reveals that accused, Private Love, and Private Lanigan drove from their station at Fort Campbell, Kentucky, to the nearby town of Clarksville, Tennessee. Private Love drank heavily during the evening and turned his car keys over to accused, stating that he, the sober member of the group, would have to drive back to Fort Campbell. Arrangements were made for the men to meet at the lot in which the car was parked between midnight and 1:00 a.m.

According to Private Lanigan and the accused, the latter yelled to Love, as they parted, that he might use the car "if 'I want to go find some girls or something.'" Lanigan testified that "Love looked back as if he'd heard something and then just continued on walking out, sir." Love "appeared as if he understood him." Accused also testified—contrary to his pretrial statement—that he believed Love had authorized him to use the car.

Accused and Lanigan drove to a nearby village and visited a bar there. En route back to pick up Private Love, the automobile suffered a mechanical failure and was left on the side of the road. Accused and Lanigan hitchhiked to Clarksville. Upon their arrival, they decided to absent themselves without leave.

Private Love denied giving accused permission to use his car beyond driving the party back to their station. He turned his keys over to Hill at the Rendezvous Bar and stated that he would meet him and Lanigan at the parking lot. When the others failed to appear at the prescribed hour, he returned to Fort Campbell. He testified he had not seen his car since the night of this incident.

The foregoing testimony, conflicting as it may be, is sufficient to raise an issue whether accused honestly believed he possessed authority from Love to use the car in the manner which he specified. It matters not that the evidence may not ultimately cause the court members to entertain a reasonable doubt concerning accused's intent in taking and using Love's car. The question to be decided is whether there is in the record evidence from which the court might reasonably infer such honest belief on accused's part. United States v Farris, 9 USCMA 499, 26 CMR 279; United States v Thompson, 12 USCMA 438, 31 CMR 24. In short, it is for the fact finders, rather than this Court, to resolve the differing tales of accused and Lanigan on the one hand and Love on the other. United States v Black, 12 USCMA 571, 31 CMR 157.

Thus, if properly instructed, the court members could have found that accused, having shouted his intentions to Love, honestly interpreted his alleged answering gesture as assent to the proposed use of the car. They might well have denied credibility to Love's contrary assertions in light of his admitted intoxication. Of course, accused's version might also have been rejected in light of his pretrial statement, Love's testimony, and the fact that the car was never subsequently returned. But, as noted above, the law officer should have given the members the opportunity to decide the issue by specifically calling it to their attention with appropriate instructions. United States v Thompson, supra. As he did not do so, we conclude that reversal must follow.

The findings of guilty with respect to specification 1 of Charge II are set aside. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Army. The board may reassess the sentence on the basis of the remaining findings of guilty or order a rehearing on specification 1 of Charge II and the penalty.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review.