UNITED STATES, Appellee

v

THOMAS R. NICKOSON, Private (E–2),
U. S. Army, Appellant

15 USCMA 340, 35 CMR 312

No. 18,186

April 30, 1965

*Captain Beverly B. Bates* argued the cause for Appellant, Accused.

With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Michael E. Phenner* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

Convicted by general court-martial for striking his superior officer who was then in the execution of his office, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890, the appellant was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction to the grade of E–1. Intermediate appellate authorities approved, with the board of review reducing the discharge to a bad-conduct discharge and the confinement to one year.

We granted the appellant's petition for review to consider an allegation that the law officer erred by refusing to tailor the instruction on intoxication so as to reflect additional evidence of the appellant's mental incapacity to commit the crime charged, as requested by his counsel.

The appellant defended the charge on the sole ground that he was too drunk at the time of the offense to know that the victim of his action was an officer. At the conclusion of the evidence, the law officer called an out-of-court hearing to discuss with counsel the instructions to be given to the court. He presented each side with a printed copy of those which he believed pertinent and requested that counsel inform him of any changes, additions, or deletions they desired. Included therein was an instruction on intoxication that followed almost verbatim the first and third paragraphs of the standard instruction set forth in Department of the Army Pamphlet No. 27–9, Military Justice Handbook: The Law Officer, April 1958, Appendix XII, page 153. As proposed, the instruction, Appellate Exhibit 4, read as follows:

"With reference to the evidence tending to show that the accused was intoxicated at the time of the alleged offense set forth in the Specification of the Charge, namely, striking his superior officer who was in the execution of his office, and with reference to the lesser included offense of striking an officer in violation of Article 134, you are advised that you may consider evidence of voluntary drunkenness in determining whether the accused had sufficient mental capacity to know that Captain Don F. Culp was his superior officer, with reference to the Specification of the Charge, or was an officer, with reference to the lesser included offense of assault upon an officer, in violation of Article 134. The fact that a person was intoxicated at the time he is alleged to have committed an offense does not necessarily show that he was deprived of his reasoning ability or of his ability to recognize an individual, for a person may be drunk and at the same time be aware of his acts and their probable consequences and also be able to see and to recognize an individual at whom his alleged wrongful act is allegedly directed.

"The question raised by the evidence of voluntary drunkenness and presented for your determination is whether the accused was intoxicated to such a degree as to render him mentally incapable of knowing, with reference to the Specification of the Charge, that Captain Don F. Culp was his superior officer, or, with reference to the lesser included offense of assault upon an officer, in violation of Article 134, of knowing that Captain Don F. Culp was an officer.

"Unless, in the light of all the evidence, you are satisfied beyond a reasonable doubt that the accused was mentally capable of knowing, with reference to the Charge and its Specification, that Captain Don F. Culp was a commissioned officer, you must find him not guilty of that offense.

**341**

"Unless you are satisfied beyond a reasonable doubt that the accused was mentally capable, with reference to the lesser included offense of assault upon an officer, in violation of Article 134, of knowing that Captain Don F. Culp was a commissioned officer, you must find him not guilty of that lesser included offense.

"In both instances, the burden is upon the prosecution to prove beyond a reasonable doubt that the accused had the mental capacity to know and actually did know that Captain Don F. Culp was his superior officer, with reference to the Specification of the Charge, and did know that Captain Don F. Culp was an officer, with reference to the lesser included offense of striking an officer in violation of Article 134, despite the evidence that the accused was intoxicated.

"In this connection, you are instructed that voluntary intoxication is not a defense to the lesser included offenses of assault and battery or of assault, both in violation of Article 128."

Trial counsel objected to the inclusion therein of that portion which referred to a violation of Article 134, Uniform Code of Military Justice, 10 USC § 934 (striking an officer—not in the execution of his office), since the question of whether or not the victim was in the execution of his office at the time of the alleged offense was not contested. The law officer agreed and stated he would delete any such reference.

Defense counsel requested an amendment to the instruction and submitted his proposal which was marked as Appellate Exhibit 5 and read as follows:

"The defense has presented testimony to the effect that the accused had consumed quantities of wine and beer during the afternoon of 16 May 1964 while at a friend's house in Sanford, North Carolina; that the accused repeatedly fell to the pavement while at a used car lot in Sanford, North Carolina; that he lost consciousness in Specialist Four Phillips' automobile while returning to a formation at 1600 hours in Sanford, North Carolina; that he required the support of two fellow paratroopers in order to remain upright in said formation; and that the accused required assistance to mount a two and one-half ton truck to return to Fort Bragg, North Carolina.

"The defense has introduced testimony bearing upon the accused's conduct, actions and state of intoxication before, during, and after the incident involving Captain Culp.

"The question raised by the evidence of intoxication in this case is whether Private Nickoson was intoxicated to such a degree as to prevent him from knowing that the alleged victim was an officer.

"There is testimony in this case which may be considered along with evidence of intoxication in determining the accused's knowledge that the victim was his superior officer in the execution of his office, such as testimony regarding Private Nickoson's inability to speak coherently before, during and after the incident; the accused's failure to conceal himself or to flee the scene of the incident; the accused's statement to First Lieutenant Blanton on 18 May 1964 that he did not remember the alleged striking of Captain Culp; and the testimony of Specialist Four Madsen that the accused said 'They tell me I hit a captain.'

"You are advised that the accused must be acquitted of the charge and its specification if you find that Private Nickoson was so intoxicated at the time of commission of the alleged offense that he did not know that the alleged victim was his superior officer in the execution of his office. In light of all the evidence, if you have a reasonable doubt that the accused knew that the alleged victim was an officer at the time of the alleged incident, you must find him not guilty of the charge and its specification."

The law officer declined to give the complete instruction as requested, since it called for a summation of the defense evidence only, but did agree to include the middle and last paragraphs of Ap-

pellate Exhibit 5 in his instructions. He acknowledged that this would, in effect, be repetitious but stated, "I have no objection to giving it twice as the whole case is based on the defense of intoxication."

Initially we commend the law officer and counsel for putting their proposed instructions in writing. This comports with the requirements of Rule 30 of the Federal Rules of Criminal Procedure, and makes for orderly and intelligent appraisal both at trial and on appellate review.

In the final analysis, it is not counsel who determine the charge to be given to the court. The obligation rests squarely on the shoulders of the law officer. Williamson v United States, 332 F2d 123, 132 (CA 5th Cir) (1964); United States v Stephen, 15 USCMA 314, 35 CMR 286. See also United States v Pinkston, 6 USCMA 700, 21 CMR 22. It is his duty to instruct correctly, regardless of what theory either party might urge upon him in offering instructions. Carrado v United States, 210 F2d 712, 722 (CA DC Cir) (1953). He owes no duty to specifically marshal the evidence for and against a defendant (United States v Simmons, 281 F2d 354 (CA 2d Cir) (1960)), but if he undertakes to do so, the summary must be fair and adequate (Williams v United States, 93 F2d 685 (CA 9th Cir) (1937)). As stated by Chief Justice Hughes in Quercia v United States, 289 US 466, 469, 77 L ed 1321, 53 S Ct 698 (1933):

". . . In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important, and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination. Carver v Jackson, 4 Pet 1, 80, 7 L ed 761, 789; Vicksburg & M. R. Co. v Putnam, 118 US 545, 553, 30 L ed 257, 258, 7 S Ct 1; United States v Philadelphia & R. R. Co., 123 US 113, 114, 31 L ed 138, 139, 8 S Ct 77; Capital Traction Co. v Hof, 174 US 1, 13, 14, 43 L ed 873, 878, 879, 19 S Ct 580; Patton v United States, 281 US 276, 288, 74 L ed 854, 858, 50 S Ct 253, 70 ALR 263."

In line with the clear endeavor of the Congress to bring courts-martial procedure into conformity with that obtaining in civilian criminal courts whenever possible, this Court early in its history adopted the language of the Supreme Court in Screws v United States, 325 US 91, 107, 89 L ed 1495, 65 S Ct 1031, 162 ALR 1330 (1945), that, "Whatever the degree of guilt, those charged with a Federal crime are entitled to be tried by the standards of guilt which Congress has prescribed." United States v Ginn, 1 USCMA 453, 456, 4 CMR 45. In *Ginn*, we were concerned with the duty of the law officer to instruct the court, under Article 51 (c), Uniform Code of Military Justice, 10 USC § 851 (then cited as 50 USC § 626), as amplified by paragraph 73, Manual for Courts-Martial, United States, 1951, and found it necessary for him to do more than just state the elements of the offense charged but, where indicated, to also instruct on certain affirmative defenses. In United States v Andis, 2 USCMA 364, 8 CMR 164, we reviewed and adopted the Federal Rule which permits a judge, in his instructions, to comment on the evidence, within the limitations as to fairness engrafted thereon by the Federal courts, as provided in paragraph 73c(1) of the Manual, supra. The fact that instructions correct in the abstract may be inadequate or misleading in the context of the specific issues of the case, was noted in United States v Weems, 3 USCMA 469, 13 CMR 25; and in United States v Thompson, 12 USCMA 438, 441, 31 CMR 24, we said that:

". . . They [instructions] must, therefore, be specifically and precisely related to the issues marked out by the allegations and the evidence. See United States v Farris, 9 USCMA 499, 26 CMR 279; United States v Burgess, 8 USCMA 163, 23 CMR 387;

United States v Williams, 1 USCMA 186, 2 CMR 92."

See also United States v Acfalle, 12 USCMA 465, 31 CMR 51, where we expressed the need for the law officer to tailor his instructions to the matters in evidence, as recognized in the aforementioned Military Justice Handbook, at page 5.

Subsequently in United States v Smith, 13 USCMA 471, 474, 33 CMR 3, it was deemed appropriate to elaborate on the sense in which we had previously used the words "tailor" and "tailoring" in speaking of the law officer's instructions. There we said:

". . . What is contemplated is the affirmative submission of the respective theories, both of the Government and of the accused on trial, to the triers of fact, with lucid guideposts, to the end that they may knowledgeably apply the law to the facts as they find them."

We have set forth this short resume of our previous holdings in this area, which by no means is intended to be all-inclusive, in order to place in proper focus the situation at hand. Here trial defense counsel requested an addition to the contemplated instruction on intoxication which, if given, would have necessitated a summation by the law officer of the defense evidence in support of its contention that Nickoson was too drunk to know that the alleged victim was an officer. The law officer demurred basically on two grounds— (1) that if he summed up the evidence for the defense he would likewise have to do so for the prosecution, and (2) that "It is improper for me to comment on the evidence." In his ▆▆▆▆▆▆ ▆ first premise he is correct for he "must not emphasize, in summing up the evidence, portions in favor of one party and minimize those in favor of the other." United States v Andis, supra, 2 USCMA at page 367. However, as previously noted, *Andis* also established the principle that the law officer could comment on the evidence and in this regard he was free to do so if he thought it proper.

Having been specifically requested to sum up the evidence for the defense, ▆▆▆▆▆▆ ▆ was the law officer required to accede to this request and to accept the burden of also summing up for the prosecution? In the circumstances of this case we do not think so. As stated by Judge Learned Hand in United States v Gillilan, 288 F2d 796, 798 (CA 2d Cir) (1961), "There is no inevitable necessity in a criminal case that the judge shall state the evidence in his charge." In any event, we need not decide the question, for even assuming error, there was no prejudice. The only arguable issue in this case was whether Nickoson was intoxicated to such a degree as to prevent him from knowing that the alleged victim was his superior officer. It was not a complicated matter and the instructions as finally given set the issue in its proper legal framework and clearly placed upon the prosecution the burden of proof in this regard. United States v Goins, 15 USCMA 175, 35 CMR 147. In addition the trial was short, with more than two-thirds of the time being utilized by the defense in presenting its evidence on intoxication, the matter was fresh in the minds of the court members, and, as noted by the law officer, this was the single issue argued by both counsel in their summation. In these circumstances we believe that the court members were sufficiently informed to "knowledgeably apply the law to the facts as they . . . [found] them." United States v Smith, supra, 13 USCMA at page 474.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.