UNITED STATES, Appellee

v

LEROY PRUITT, Lance Corporal,
U. S. Marine Corps, Appellant

17 USCMA 438, 38 CMR 236

No. 20,511

March 15, 1968

*Lieutenant Robert F. Baldwin,* USNR, argued the cause for Appellant,

Accused. With him on the brief was *Lieutenant Colonel Frederick H. Campbell,* USMC.

*Commander Walter F. Brown,* USN, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel C. R. Larouche,* USMC, and *Major Ernest B. Wright,* USMC.

## Opinion of the Court

QUINN, Chief Judge:

The accused stands convicted by a special court-martial of bigamy, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. In affirming the findings of guilty, the board of review divided on whether the instructions "failed to provide the court with rational factors with which to evaluate the honesty and reasonableness of the accused's mistake." A majority of the board of review concluded the instructions were adequate. In pertinent part, the instructions in issue are as follows:

". . . We have heard evidence, gentlemen, introduced by the defense in this case tending to show that at the time of the alleged bigamous marriage the accused believed that he was no longer married to Jeannie R. PRUITT. You are advised that a person who at the time of allegedly bigamous marriage has an honest and reasonable belief that his prior marriage had ceased to exist, cannot be found guilty of bigamy, even though he may have been mistaken in that belief. Now the belief must not have only been honest but it must also have been reasonable. A person's belief, therefore, must have been based on information which would indicate to a reasonable man that his prior marriage had ceased to exist. Further, a person must have made such a diligent inquiry, if any, as a reasonable man under the same circumstances would have made to ascertain the truth of the matter upon which the belief was based."

According to Government counsel, a threshold question exists as to whether the evidence is sufficient to require an instruction on the effect of an honest and reasonable belief by the accused that his first marriage was lawfully terminated by divorce. They maintain the evidence does not require an instruction, and, consequently, if there is error in the instructions it was not prejudicial to the accused. See United States v Bateman, 8 USCMA 88, 92, 23 CMR 312. However, the accused testified unequivocally that he thought he was divorced before he entered into the second marriage. Although there is substantial evidence to discredit his assertion, it raised a question of fact for the court-martial's consideration. We conclude, therefore, that instructions on the issue were required.

In United States v McCluskey, 6 USCMA 545, 20 CMR 261, we reviewed the question of mistaken belief as to the termination of the first marriage as a defense to a bigamy charge. We noted that while a majority of American jurisdictions reject mistaken belief as a defense, military law recognizes it. We pointed out that the defense consists of two elements: (1) That the accused's mistaken belief the first marriage was ended before he entered into the second must be honest, that is, he truly believed the first marriage had been terminated; and (2) that his belief was reasonable under the circumstances. *Id.,* at page 555. More to the point of the present appeal, we sustained instructions almost identical to those in this case. Subsequent to *McCluskey,* we reexamined the necessity for evidence of both aspects of the defense as a requirement for appropriate instructions in United States v Bateman, supra. There, we determined that the law officer correctly refused to instruct on the defense because the evidence was insufficient to indicate reasonableness of the belief that the first marriage was ended. All this is conceded by the accused. However, he contends the instructions are materially deficient be-

**439**

cause they do not indicate such factors as his age, education, experience, and "relative rank." This omission, he maintains, led the court members to determine the reasonableness of his conduct "out of context" with his "personal limitations." A great deal of reliance is placed on such cases as United States v Burse, 16 USCMA 62, 64, 36 CMR 218, and United States v Vaughn, 15 USCMA 622, 36 CMR 120, which deal with the right to assert that degree of force as, on "honest and reasonable grounds," appears to be necessary to defend against an attack upon one's person.

Appellant's argument has several strands. We need not attempt to separate them, or consider ■■■ the correctness of his interpretation of the self-defense cases. Essentially, the argument compresses the two elements of the defense recognized in *McCluskey* and *Bateman* into a single question as to the reasonableness of the accused's conduct, as determined by his own "personal limitations," and without reference to the purportedly "unrealistic standards" of the "reasonable man." We are not persuaded that the argument is legally or logically sound.

Personal qualities, such as education, intelligence and societal experience, are not disregarded in the present formulation of the defense. All these may be properly considered in determining whether the accused possessed an honest belief that his marriage was ended and he was free to remarry. For example, a jury might find that a person of limited intelligence and education, having no previous knowledge of the pendency of a divorce proceeding, could honestly believe his marriage was ended because his "former" spouse told him she had obtained a divorce, see United States v Noe, 7 USCMA 408, 22 CMR 198; but it could reject, out of hand, a similar contention of an honest belief in termination of the marriage by divorce by an accused who is a lawyer and has substantial experience with the requirements for service of process in a legal action. The law, however, also recognizes in many situations that the good faith of the individual is not enough to absolve him from liability for his conduct. Marriage is not an exclusively personal relationship; it represents a status in which the Sovereign has an interest. United States v Massey, 15 USCMA 274, 35 CMR 246. Consequently, it is not inappropriate to require more than a good faith belief on the part of the individual that the status was ended, as a condition to permitting the entering into a second marriage. To go outside the accused's state of mind for a point of reference to measure the wrongfulness of his conduct entails an objective standard. One such standard is the "reasonable man." He may be criticized, as appellate defense counsel indicate in their brief, as a theoretically unattainable ideal, but he has an established place in the law. In voluntary manslaughter, for example, one may take the life of another in the heat of sudden passion, but the law does not mitigate the act from murder to manslaughter merely because the individual is peculiarly subject to great passion. The law also demands, in furtherance of the preservation of human life, that the passion be caused by adequate provocation; and such provocation is "measured by the reasonable man yardstick." United States v Walker, 7 USCMA 669, 676, 23 CMR 133; United States v Kentucky, 8 USCMA 553, 557, 25 CMR 57. Consequently, we reject the accused's invitation to change the essential elements of the defense as enunciated in *McCluskey*.

Approaching the instructions from another angle, the accused contends they are inadequate because they do not mention any of his personal qualities. The omission of these qualities from the instructions does not affect their legal sufficiency. The court members were expressly informed there was evidence "tending to show . . . the accused believed that he was no longer married" when he entered into the second marriage, and they were advised as to the legal effect of this evidence. The particular items of evidence, such as the accused's age and limited education and experience, which could be

440

considered were not spelled out, but there was no necessity for such specificity. Cf. United States v Acfalle, 12 USCMA 465, 31 CMR 51. Besides the accused's age and education there was other evidence bearing on the issue that was unfavorable to him. After the second marriage, the accused attempted to change his allotment records to reflect the given name of his spouse as that of his second wife. He represented that the record was incorrect because his wife had been too young to obtain a marriage license, and had used her sister's birth certificate. The representation was patently untrue. Consequently, had the president particularized the items of evidence, the doctrine of fair comment would have required mention of the false representation. See United States v Nickoson, 15 USCMA 340, 35 CMR 312; United States v Harris, 6 USCMA 736, 21 CMR 58. By limiting the instructions to a general reference to the evidence, the president presented the matter in the light most favorable to the accused. In these circumstances, if the accused desired mention of the specifics of the evidence relating to the honesty of his belief, he should have requested it. United States v Phillips, 3 USCMA 137, 11 CMR 137.

Restating the views of the learned dissenting member of the board of review, appellate defense counsel contend the instructions were misleading because, in part, they required the court members to find first that diligent inquiry was made by the accused to determine if he was free to remarry, before they could consider whether the other evidence reasonably indicated the first marriage was terminated. If this was the import of the challenged part, it would be clearly wrong because diligent inquiry does not alone determine guilt or innocence in a case of this kind. See United States v Smith, 13 USCMA 471, 477, 33 CMR 3. As the dissenting member correctly observed, the accused's failure to make inquiry "is not a categorical proof of guilt." However, the instruction does not say that it is. As we construe it, it merely advises the court members that if, under the circumstances, a reasonable man would have made inquiry, then the court should determine whether the inquiry made by the accused was as diligent as that of a reasonable man. The idea is expressed a little tersely, but the meaning is clear. If the accused desired further elaboration, he should have requested it.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.