UNITED STATES, Appellant

v

ANTONIO BAIROS, Lance Corporal,
U. S. Marine Corps, Appellee

18 USCMA 15, 39 CMR 15

No. 21,001

November 15, 1968

*Lieutenant H. L. Moore,* JAGC, USNR, argued the cause for Appellant, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

*Ernest B. Wright, Esquire,* argued the cause for Appellee, Accused. With him on the brief were *Commander Frank A. Nelson,* JAGC, USN, and *Major L. G. Bohlen,* USMC.

## Opinion of the Court

QUINN, Chief Judge:

Arraigned before a general court-martial convened in the Republic of Vietnam on a charge of premeditated murder, the accused was found guilty of the lesser included offense of involuntary manslaughter by culpable negligence, in violation of Article 119(b)(1), Uniform Code of Military Justice, 10 USC § 919. He was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. A board of review set aside the findings of guilty and the sentence because of instructional error by the law officer. Under the provisions of Article 67(b)(2) of the Code, supra, 10 USC § 867, the Judge Advocate General of the Navy certified the record to this Court for review of the following question:

"Was the failure of the law officer to define the lesser included offenses of assault materially prejudicial to the substantial rights of the accused?"

The accused shot the victim, his best friend, on April 14, 1967. The victim was hospitalized and died on May 11. The death certificate listed the condition leading to death as cerebritis in the brain due to "[g]unshot wound, brain (right and left frontal lobes)." The certificate further indicated that the bullet entered above the right eye and lodged in the tissues next to the left mandible. Skull x-rays showed in-driven bone fragments within the frontal lobes of the brain.

Debridement of the missile tract and repair of the dura defect were accomplished on the day of admission to the hospital. Initially, the victim did well, but he developed an infection "presumably from the openings into the sphenoid and maxillary sinuses and he expired on May 11, 1967 at 1010."

The attending physician testified at the trial. He defined cerebritis as an infection in the brain. In his opinion, the infection resulted from the gunshot wound, but on cross-examination he acknowledged it could have resulted from a different cause, and that the deceased could have had the infection at the time he was shot. This testimony was the subject of an out-of-court discussion on proposed instructions.

At the hearing, the law officer informed counsel that the doctor's testimony raised the question of an intervening cause of death and he intended to instruct on that issue as a basis for the court's consideration of "various forms of assaults." However, he contemplated instructing the court members only as to the effect of intervening cause, and not as to the elements of the lesser offenses of assault, but if they indicated they had a "reasonable doubt whether this gunshot wound was the cause of death then they should request additional instructions on other offenses." Trial counsel objected to any instruction on the ground the issue was not raised by the doctor's testimony. Defense counsel pressed for appropriate instruc-

tions. The colloquy was concluded with the following comment by the law officer: "All right, I will take both of your arguments into consideration and I will not decide right at the moment whether I will give that instruction, or whether I will instruct on the included assault type defenses [sic]."

Without informing counsel in advance of his final instructions as to his decision on the issue, the law officer instructed the court on the effect of intervening cause. He referred to the doctor's testimony attributing the victim's death to cerebritis and the doctor's opinion that the cerebritis resulted from a gunshot wound. He further advised the court members that if they entertained a reasonable doubt as to the cause of death, they must resolve the doubt in the accused's favor. He continued as follows:

> ". . . If the court concludes that the accused is not guilty of homicide because the court has a reasonable doubt as to the cause of death, then the court should consider whether the accused is guilty beyond a reasonable doubt of assaulting the deceased. I will not advise the court at this time with respect to the various elements [of] possible assaults that are lesser than and included within the offense charged. If however, during your deliberations in this case, you conclude that you are not convinced beyond a reasonable doubt that the acts of the accused caused the death of the victim then, you should open the court and request instructions on possible lesser included offenses not resulting in death."

The board of review concluded that the "short-cut method" of instruction used by the law officer left the court members in a vacuum as to the elements of the lesser offenses raised by the posture of the evidence. It determined that without these elements the court members could not properly measure the criminality of the accused's act, and the instructions were, therefore, prejudicially inadequate. We agree.

Every offense reasonably raised by the evidence must be the subject of proper instructions; and any doubt as to the sufficiency of the evidence to require instruction should be resolved in the accused's favor. United States v Floyd, 2 USCMA 183, 7 CMR 59. Primary responsiblity for the adequacy and appropriateness of the instructions rests upon the law officer. Article 51(c), Code, supra, 10 USC § 851; United States v Ginn, 1 USCMA 453, 4 CMR 45; United States v Nickoson, 15 USCMA 340, 35 CMR 312. His instructions must include every issue as to which there is competent evidence in the record. United States v Flippen, 16 USCMA 622, 37 CMR 242.

The instructions in this case clearly indicate the law officer determined that the evidence as to the cause of death was sufficient to require him to apprise the court members as to the legal consequences of intervening cause. In our opinion, the evidence relating to the issue is not so tenuous as to justify the conclusion that he erred as a matter of law. United States v Evans, 17 USCMA 238, 242, 38 CMR 36. With the lesser offenses properly in issue, it was incumbent upon the law officer to instruct as to their respective elements. Reference to the offenses by name was not an adequate substitute. United States v Floyd, supra, at page 188.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judge FERGUSON concurs.