UNITED STATES, Appellee,

v.

Eddie L. STATEN, Airman, U. S. Navy, Appellant.

No. 31,793.

NCM 74-3473.

U. S. Court of Military Appeals.

April 2, 1979.

Appearances: For Appellant—*Lieutenant Karl Zobrist*, JAGC, USNR (argued); *Lieutenant Christopher C. Henderson*, JAGC, USNR.

For Appellee—*Lieutenant Michael C. Farrow*, JAGC, USNR (argued); *Lieutenant Colonel P. N. Kress*, USMC (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted of violating a general order by possessing a pistol; wrongfully communicating a threat; and assault with intent to commit murder (4 specifications) in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934, respectively. He was sentenced to a dishonorable discharge, imprisonment for 8 years, forfeiture of $200 pay per month for 8 years, and reduction to the lowest enlisted grade. The convening authority reduced the period of confinement and forfeitures to 3 years but otherwise approved the findings and sentence. The United States Navy Court of Military Review has affirmed. We granted review to consider the appellant's claim that the military judge erroneously failed to instruct the panel members on the lesser included offenses of assault with intent to commit voluntary manslaughter and assault with intent to commit grievous bodily harm. Our examination of the record leads to the discovery of some evidence which at least necessitated the giving of the requested instructions on assault with intent to commit voluntary manslaughter. Accordingly, we reverse as to specifications 3, 5, 6 and 7.

Inasmuch as an "assault with intent to inflict great bodily harm is not a proscribed offense under the Code," *United States v. Woodson*, 3 U.S.C.M.A. 372, 375, 12 C.M.R. 128, 131 (1953), we need not herein be unduly detained by the appellant's assertion

that the military judge was required to instruct on it. It would suffice to observe that even though the offense was included in the 1948 Code under Article of War 93, it was subsequently dropped from the 1951 Code. *See* Article 128, UCMJ, 10 U.S.C. § 928. A perusal of the model specifications which have been enumerated in the Manual for Courts-Martial, United States, 1969 (Revised edition), reveals that the offense does *not* appear there either. Thus, under *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), Article 134, *supra*, does not give fair notice that assault with intent to inflict great bodily harm is prohibited thereby. *Cf. United States v. Norris*, 2 U.S.C.M.A. 236, 8 C.M.R. 36 (1953).

The events which led to the charges of which the appellant stands convicted arose from an altercation which occurred outside the Sea-Air Club at the Naval Air Station, Pensacola, Florida, on June 26, 1974, at which time the appellant fired a pistol several times and inflicted wounds upon one Marine. Evidence which was presented during the trial tended to establish that prior to the shooting incident, the appellant had requested a group of six Marines to leave the club because they were not dressed in proper uniforms. An argument developed between them and the Marines dispersed to the parking area adjacent to the club. Shortly thereafter, as the appellant departed the club, a further argument erupted between them. When the appellant attempted to drive away, he was stopped by the Marines who blocked the roadway. Threatening remarks were exchanged between them. Then the appellant drove his automobile a short distance away, alighted and requested a petty officer to assist him. The petty officer declined to intervene. Thereupon, the Marines commenced approaching the appellant, who fired two warning shots toward the ground in an attempt to deter them from advancing further. Physical contact between some of the Marines and the appellant finally occurred during which the appellant

was allegedly beaten and kicked. During the altercation, the appellant fired several more shots, injuring one of the Marines, Cribley. The appellant testified that he fired his weapon solely in an effort to defend himself and that it was not his intention to kill anyone.

The military judge instructed the court members concerning all of the charged offenses,[1] but did not instruct them concerning the lesser included offense of assault with intent to commit voluntary manslaughter.

In sustaining the trial judge's omission to instruct the court panel on the offense of assault with intent to commit voluntary manslaughter, the United States Navy Court of Military Review recognized that that offense is included within the greater offense of assault with intent to commit murder and that an accused may be entitled to an instruction on this lesser included offense when he also relies on the affirmative defense of self-defense. However, the Court of Military Review observed that a judge is not required to instruct on a lesser included offense where there is no evidence from which a reasonable inference may be drawn that the particular lesser included offense is in issue. The court then expressed its agreement with the trial judge that no evidence had been presented which warranted an instruction on the offense of assault with intent to commit voluntary manslaughter.

While the trial testimony is in conflict, the record contains evidence that threats were uttered by both sides to the altercation and that some of the Marines actually engaged the appellant in physical combat after warning shots had been fired and after the appellant had sought the intervention of a petty officer. While the matter of culpability and justification were clearly factual issues for the court panel to resolve, the appellant presented some testimony which indicated that he was being

---

1. Among the instructions was a statement of the elements of assault with a dangerous weapon as to each of the four assaults.

attacked by some or all of the Marines and that he fired his weapon to protect himself from death or serious bodily harm. The court panel rejected the appellant's claim that he acted in self-defense. But, had they been given the option, the court panel could have found the appellant guilty of assault with intent to commit voluntary manslaughter. For if any of the victims had died, we believe that, on the evidence, a fair minded jury, though rejecting the theory of self-defense, could have convicted the appellant of voluntary manslaughter instead of murder. Voluntary manslaughter occurs when there is a killing which is not only intentional and unlawful, but also is effected in the heat of sudden passion caused by adequate provocation. Indeed, heat of passion may arise from fear. *United States v. Clark,* 22 U.S.C.M.A. 576, 48 C.M.R. 83 (1973). "Assault with intent to commit voluntary manslaughter . . . is an assault committed with a specific intent to kill under such circumstances that, if death resulted therefrom, the offense of voluntary manslaughter would have been committed." Paragraph 213*f*(1)(b), Manual, *supra. See United States v. Malone,* 4 U.S.C.M.A. 471, 16 C.M.R. 45 (1954).

■ A "military judge is required to instruct, *sua sponte,* on any and all lesser included offenses for which there is . . some evidence" which reasonably places the lesser included offenses in issue. *United States v. Clark, supra,* at 577, 48 C.M.R. at 84; *United States v. Moore,* 16 U.S.C.M.A. 375, 36 C.M.R. 531 (1966). *See also Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896). The evidence may be contradicted by other evidence. However, only the triers of fact have the right to pass judgment upon the accused's version of the incident "as, by giving controlling weight to the evidence countervailing his declarations." *United States v. Kuefler,* 14 U.S.C.M.A. 136, 139, 33 C.M.R. 348, 351 (1963). *See United States v. Moore, supra* at 378, 36 C.M.R. at 534. As the United States Supreme Court teaches, "so long as there was some evidence [raising the lesser included offense], the credibility and force of such evidence must be for the jury, and

cannot be a matter of law for the decision of the court." *Stevenson v. United States, supra* 162 U.S., at 315, 16 S.Ct. at 839. *See also United States v. Bellamy,* 15 U.S.C.M.A. 617, 36 C.M.R. 115 (1966). Any doubt concerning whether the evidence is sufficient to require an instruction should be resolved in favor of the accused. *United States v. Clark, supra; United States v. Bairos,* 18 U.S.C.M.A. 15, 39 C.M.R. 15 (1968).

■ The Government urges that the offense of assault with intent to commit voluntary manslaughter was not raised by the evidence because the appellant was not excited by a sufficient degree of provocation, and, in any event, it was only raised by the appellant's testimony. But the fact that evidence is only presented in the testimony of the accused does not relieve the trial judge of the duty to instruct. "The test is evidence, not credibility." *United States v. Moore, supra* at 377, 36 C.M.R. at 533. The appellant repeatedly testified that he fired the shots only because he feared that he was in imminent danger of bodily harm. He testified that his fears were aroused because one Marine had just threatened that he would blow his head off with a shotgun; that one Marine was actually advancing on him; and that simultaneously the other Marines were charging him, placing him in fear. This was evidence which the jury should have been permitted to pass upon with the option of returning a verdict appropriately tailored to a finding of guilty on the lesser included offense. What this Court said in *United States v. Bellamy, supra,* seems appropriate here:

> When a claim of voluntary manslaughter is made, the existence and sufficiency of passion are "essentially" questions of fact to be submitted to the jury under proper instructions whenever it can be said that the alleged provocation would have any reasonable tendency to produce sudden and uncontrollable anger and heat of blood in the ordinary man. The question of such reasonable tendency is of necessi-

ty a question for the court arising upon the admission of testimony.

*Id.* at 620, 36 C.M.R. at 118.

We conclude that the lesser included offense of assault with intent to commit voluntary manslaughter was placed in issue by the evidence, and that the military judge was required, *sua sponte*, to submit that issue to the court panel. Since the instructions were not given, inherent prejudice has resulted. *United States v. McGee*, 1 M.J. 193 (C.M.A.1975).

The decision of the United States Navy Court of Military Review as to specifications 3, 5, 6, and 7, Charge II, is reversed. The record of trial is returned to the Judge Advocate General of the Navy for referral to the Court of Military Review, which may affirm the lesser offense of assault with intent to commit voluntary manslaughter as to each affected specification and reassess the sentence, or it may order a rehearing on the affected specifications and the sentence.

Chief Judge FLETCHER concurs.

COOK, Judge (dissenting):

I disagree with the majority's treatment of the alleged error of the failure of the military judge to instruct on the lesser included offense of assault with intent to commit voluntary manslaughter. Appellant was charged under specifications 3 and 7 of Charge II with "shooting" the named victims, and under specifications 5 and 6 with "shooting at" the named victims. He was found guilty as charged with respect to specifications 5, 6, and 7, but the court found that he merely shot at the named victim under specification 3. During an out-of-court hearing concerned with proposed instructions, the following colloquy occurred between the military judge and defense counsel:

MJ: You will note that I have only given one lesser included offense, that of assault with a dangerous weapon, and of course there are listed within the lesser included offenses many other lesser included offenses of assault with intent to commit murder. It appeared to me that with the possible exception of the willful discharge of a firearm under circumstances such as to endanger life, that none of the other lesser included offenses would be applicable. Does either counsel wish to have that lesser included offense given as well?

IC: Defense counsel does.

MJ: You do? Very well, I will include that as another lesser included offense. What about any of the other lesser included offenses?

IC: I see no others.

Subsequently, the trial counsel requested an instruction on the lesser included offense of the actual infliction of grievous bodily harm with respect to specifications 3 and 7, and defense counsel offered no objection when the military judge denied the trial counsel's request. Trial counsel then requested an instruction on simple assault and battery with respect to these two offenses and trial defense counsel commented that he felt the instruction was appropriate for only one of the offenses.

The primary issue at trial was self-defense. Standing alone, this does not preclude the assertion of circumstances which necessitate instructions on lesser included offenses. *United States v. Clark*, 22 U.S.C. M.A. 576, 48 C.M.R. 83 (1973). However, in my opinion, the conduct of the defense counsel during the hearing on proposed instructions, as manifested by his position with respect to trial counsel's request for instructions on lesser included offenses, evidences a trial strategy and desire of defense inconsistent with instructions on the lesser included offense of assault with intent to commit voluntary manslaughter. While the military judge bears the primary responsibility for instructing on the issues raised at trial (*see United States v. Graves*, 1 M.J. 50 (1975)), he does not commit reversible error by yielding to the defense. *See* my dissent in *United States v. Grunden*, 2 M.J. 116, 124 (C.M.A.1977). Accordingly, I would affirm the decision of the Court of Military Review.