# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ANTHONY J. CRUSE**
**United States Army, Appellant**

ARMY 20080148

Headquarters, I Corps and Fort Lewis
Debra Boudreau, Military Judge
Colonel James K. Lovejoy, Staff Judge Advocate

For Appellant:  Gregory M. Gagne, Esquire (argued); Captain Jennifer A. Parker, JA; Keith Scherer, Esquire (on brief); Captain E. Patrick Gilman, JA.

For Appellee:  Captain Edward J. Whitford, JA (argued); Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Benjamin M. Owens-Filice, JA (on brief).

17 November 2011

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his plea, of one specification of premeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (2008) [hereinafter UCMJ].  Appellant was sentenced to be reduced to the grade of Private E1, total forfeitures of all pay and allowances, to be discharged with a dishonorable discharge, and to be confined for life with the possibility of parole. The convening authority approved the finding and the adjudged sentence.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raised four assignments of error, only one of which merits discussion, but no relief.  This assignment of error alleges the military judge deprived appellant of a

fair trial by failing to instruct the members on fear, anger and adequate provocation and the lesser included offenses of voluntary manslaughter and negligent homicide.

## BACKGROUND

The charge stemmed from a stabbing that occurred at Fort Lewis during the pre-dawn hours of 15 June 2007. After spending several hours drinking alcoholic beverages in a barracks room, appellant, PV2 Jack Allen, and a third Soldier walked to a courtyard adjacent to another barracks and began talking to other Soldiers who were socializing outside. The third Soldier soon departed leaving the appellant and PV2 Allen amongst the other Soldiers. Appellant engaged in offensive behavior, to include urinating on the outside of the barracks building and holding himself out as a non-commissioned officer and harassing other Soldiers.

Appellant upset another Soldier, PFC Evans, by taunting him. PFC Evans responded with comments that upset PV2 Allen. After exchanging words, PFC Evans and PV2 Allen moved to a grassy area in anticipation of a fistfight. PV2 Allen had a bottle in his hand but he set this aside when someone stated it should be a fair fight. PV2 Allen also discarded a folding knife and appellant picked it up. A female Soldier tried to calm PV2 Allen by standing in front of him and talking to him. When she moved out of the way, the victim approached PV2 Allen in an attempt to calm him down. The victim had his empty hands raised in front in a gesture that indicated he was trying to calm PV2 Allen. At this point there was a group of Soldiers standing behind PFC Evans and appellant stood behind PV2 Allen. As the victim stood before PV2 Allen, appellant grasped the now open knife he had retrieved and plunged it into the victim's neck with such force that the blade reached the victim's spine. The stabbing severed the carotid artery in the victim's neck. The victim immediately collapsed and bled to death in a matter of a few minutes. As soon as the victim fell, appellant and PV2 Allen fled from the scene on foot.

Appellant and PV2 Allen spent the next several hours in the woods deciding what to do. Appellant suggested going AWOL or concocting a story claiming that the victim was aggressively approaching PV2 Allen with a bottle in his hand, and that appellant was defending his fellow Soldier. After turning themselves in to appellant's squad leader, appellant and PV2 Allen did claim the victim approached PV2 Allen with a bottle immediately before the stabbing. Appellant also made this assertion to Criminal Investigation Division (CID) agents at the outset of his interrogation. However, when an agent confronted appellant with the information that other witnesses at the scene saw nothing in the victim's hands, appellant abandoned this claim. Appellant's written, sworn statement did not indicate the victim had anything in his hand prior to being stabbed or that he made any aggressive action against PV2 Allen or appellant. PV2 Allen testified at trial under a grant of immunity, and made no claim that the victim either had anything in his hand or approached PV2 Allen in an aggressive manner. While there were clearly

heated words exchanged between PFC Evans and PV2 Allen and the situation had the potential to erupt into a fistfight, there was no evidence of any physical assault, other than appellant stabbing the victim.

## LAW AND DISCUSSION

"Whether a panel was properly instructed is a question of law reviewed de novo." *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011) (quoting *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008)). A three-pronged test determines whether failure to give an instruction is error: "(1) the requested instruction is correct; (2) it is not substantially covered in the main instruction; and (3) it is on such a vital point in the case that the failure to give it deprived the accused of a defense or seriously impaired its effective presentation." *United States v. Gibson*, 58 M.J. 1, 7 (C.A.A.F. 2003) (citing *United States v. Damatta-Olivera*, 37 M.J. 474, 478 (C.M.A. 1993) (quoting *United States v. Winborn*, 14 C.M.A. 277, 282, 34 C.M.R. 57, 62 (1963))).

Our superior court has noted that military law "requires a trial judge to give…an instruction on a lesser included offense 'sua sponte…for which there is…some evidence which reasonably places the lesser included offense in issue.' " *United States v. Wells*, 52 M.J. 126, 129 (C.A.A.F. 1999) (citing *United States v. Staten*, 6 M.J. 275, 277 (C.M.A. 1979)). "A matter is 'in issue' when some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they chose." *Wells* at 129-130 (citing *United States v. Johnson*, 1 M.J. 137 (C.M.A. 1975)).

In cases involving murder charges, the lesser included offense of voluntary manslaughter is in issue when there is evidence that the killing of another occurred while the accused was in the heat of passion, accompanied by adequate provocation. *United States v. Stark*, 19 M.J. 519, 523 (A.C.M.R. 1984) (citing *United States v. Maxie*, 23 C.M.R. 942, 951 (A.F.B.R. 1957), aff'd, 25 C.M.R. 418 (C.M.A. 1958)); *Manual for Courts-Martial* (2008 ed.), para. 44c.(1)(b). "Although heat of passion is a subjective determination, adequate provocation is an objective concept." *Stark* at 523 (citing *United States v. Seeloff*, 15 M.J. 978 (A.C.M.R. 1983)).

In this case there was no evidence introduced on the issue of adequate provocation. Nothing in the record indicates there were any acts by the victim or bystanders that would provoke a reasonable person to the heat of passion required to support a conviction of voluntary manslaughter. Appellant's counsel points out that there was a suggestion at trial that both appellant and PV2 Allen had made statements early on that appellant stabbed the victim only after the victim raised his arm in an attempt to hit PV2 Allen with a broken bottle. However, evidence indicated appellant and PV2 Allen had merely concocted this story to justify the stabbing. In addition, both appellant and PV2 Allen abandoned the claim that the

victim had a bottle in his hand in their subsequent statements and PV2 Allen utterly abandoned this claim when he testified at trial.

The military judge instructed the panel on defense of another under the theory that appellant may have perceived that PV2 Allen was about to engage in a fight and appellant may have perceived the victim to be an aggressor. However, the evidence presented at trial did not raise the issue as to whether this constituted adequate provocation of appellant from the perspective of a reasonable person. In the absence of any evidence that the victim's conduct raised the rage in appellant or otherwise provided adequate provocation, it was not error to refuse appellant's requested instruction on voluntary manslaughter. Under the evidence presented, no rational fact-finder would have concluded there was adequate provocation under a reasonable person standard.

Given our superior court's holdings in *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F. 2009) and *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011), the Article 134, UCMJ, offense of negligent homicide is not a lesser included offense of a premeditated murder charge under Article 118, UCMJ. Even if negligent homicide were considered a lesser-included offense under the law, the facts raised at trial would not warrant an instruction that this is a lesser-included offense at issue in this case.

Therefore, we conclude that instructions on voluntary manslaughter and negligent homicide were not required. Because the first prong of the *Gibson* test is not met, we conclude that the failure of the military judge to give the instruction on involuntary manslaughter was not error. Even if the first prong of the *Gibson* test was met and the military judge should have given the voluntary manslaughter instruction, we would find no prejudice in a failure to instruct, given the lack of evidence for a rational fact-finder to conclude the killing occurred in the heat of passion, accompanied by adequate provocation.

**CONCLUSION**

We have considered the record of trial, the briefs submitted by the parties, and oral arguments by both parties on the assignments of errors raised. On consideration of the entire record, we hold the finding of guilty and sentence adjudged and as approved by the convening authority to be correct in law and fact. Accordingly, the finding of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge BERG concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court