UNITED STATES, Appellee

v.

WILLIAM EUGENE CHAPMAN, Fireman Apprentice, U. S. Navy, Appellant

2 USCMA 138, 7 CMR 14

No. 1001

Decided January 19, 1953

CDR. Raymond van Wolkenten, USN, for Appellant.
CAPT. Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Following his plea of guilty, appellant was convicted by a Naval special court-martial[1] of absence without leave for twenty days, an offense proscribed by the Uniform Code of Military Justice, Article 86, 50 USC § 680. In adjudging its sentence, the court considered three prior convictions. When the case reached a board of review, that body ruled that two of the previous convictions had been admitted in evidence improperly. Thereupon, it set aside the findings and sentence and ordered a rehearing. At the rehearing, duly held in compliance with the board. order, accused was once more convicted upon his plea, and in assessing sentence the court again considered the three prior convictions earlier introduced, the defect noted by the reviewing agency in two of them having been cured in the meantime. As affirmed by the board, the sentence finally imposed consists of a suspended bad-conduct discharge, confinement at hard labor ·for three months, and a forfeiture of $36.-00 per month for three· months.

Since the maximum sentence imposable for the offense here involved—in the absence of two or more previous convictions—extends only to confinement for sixty days, with accessories, it is obvious that the sentence as affirmed can be sustained only if, in adjudging it, the previous convictions were properly considered. The question · implicit in this observation was put to this Court by The Judge Advocate General, United States Navy, in his certification of the following question:

"Whether the sentence, as affirmed by the Board of Review, is legal?"

For the moment, we prefer to rephrase the question so as to inquire whether the board of review, when it first received the case, and determined that two of the three previous convictions considered had been erroneously received, had power to order a rehearing which would permit the prosecution to introduce proper evidence of these previous convictions.

Article 66(d) of the Code, 50 USC § 653, provides that:

"If the board of review sets aside the ˊfindings and sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing. . . ."

It is also made abundantly clear in paragraph 92 of the Manual for Courts-Martial, United States, 1951, that a rehearing may be ordered where *any* reviewing agency rules as a matter of law that certain evidence, for which there is or may be an available substitute, was improperly admitted, and this action operates to produce evidential insufficiency. In this situation, the reversal is not predicated on a lack of sufficient evidence *in the record*, for the evidence is there, albeit, erroneously received. Any insufficiency without that evidence is, therefore, due not to an infirmity of the record, but rather to the action of the reviewing authority. Of course, there may conceivably be a case where—even accepting the evidence improperly admitted—the total evidential picture is insufficient to sustain the conviction. This would present a different problem.

Paragraph 92, supra, also explicitly states that:

". . . If a sentence is disapprovedˈ because of any procedural error prejudicial to the substantial rights of the accused, a rehearing

[1] 1–52–S–63

may properly be ordered, subject to the foregoing restrictions. . . ."

The fact that the paragraph specified that a rehearing may be ordered for "procedural error" affecting only the sentence could hardly be thought to preclude such a direction where the error is one of substantive law. Nor does the power of a board of review, conferred by Article 66 (c) of the Code, supra, to approve a *part* of a sentence militate against the direction of a rehearing. Even though evidence properly in the record and bearing on the merits would sustain a finding of guilty of a lesser included offense, a board of review is not required to approve the lesser offense, and to refrain from ordering a rehearing as to the greater. We conclude, therefore, that there was no legal obstacle to the rehearing ordered upon review of accused's first conviction.

The sole question remaining relates to the sentence legally imposable at the rehearing. As to sentence, Article 63 (b) of the Code, 50 'USC § 650, restricts a court-martial on rehearing as follows:

". . . Upon . . . rehearing . . . no sentence in excess or more severe than the original sentence shall be imposed . . . unless the sentence prescribed for the offense is mandatory."

The crux of the issue before us is found in the phrase "original sentence." Defense argues that the term has reference to the sentence which lawfully could have been imposed by the first court on the basis of the evidence relating thereto *properly* received. In the case at bar—the argument continues—the first court did not have before it *properly* evidence of two or more previous convictions. As a consequence, the second court was not permitted to consider legally admitted evidence of the convictions placed before the first court and held by the board of review to have been erroneously received. We think this contention fails to consider the phrase "original sentence" in its proper context, for—in the view we take—it was intended to be applied where the previous error underlying and producing the rehearing relates to the merits rather than to the sentence itself. Our consideration does not reach—and so does not pass upon—the situation involved where a board of review affirms a conviction on the merits but reduces the sentence and this Court reverses and orders a rehearing. What the limit of sentence on rehearing would be in that situation we need not now decide.

Perhaps—in conclusion—a comparison of the present problem with that involved in a rehearing because of error touching the merits may clarify our position. Let us suppose that an accused is convicted of larceny, but that a rehearing is ordered because of an error in the reception of evidence. If the evidence, unaffected by the error, was sufficient to sustain a finding of guilt of wrongful appropriation, would the court-martial on retrial be bound to return such a finding, and not one of guilty of larceny? Of course not. So, where the error extends to sentence only, must the second court be restricted by the error affecting the sentence of the first? We have been unable to conclude that either the Code or the Manual requires this irrational result.

The question certified by The Judge Advocate General is, therefore, answered in the affirmative.

Chief Judge QUINN and Judge LATIMER concur.