UNITED STATES, Appellee

v

ARCHIE STEELE, Private E-1, U. S. Army, Appellant

6 USCMA 707, 21 CMR 29

No. 7739

Decided February 24, 1956

*Captain Frank C. Stetson* and *First Lieutenant Robert J. Hearon, Jr.,* were on the brief for Appellant, Accused.

*Colonel John G. O'Brien* and *First Lieutenant Lewis W. Evans* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

On a rehearing granted by a board of review, the accused was convicted of willfully disobeying the command of his superior officer, in violation of Article 90, Uniform Code of Military Justice, 50 USC § 684, and absence without leave, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He was sentenced to dishonorable discharge, total forfeitures, and confinement for two years. The findings and sentence were approved by the convening authority and a board of review, after disaffirming certain findings, reduced the confinement to one year, but otherwise affirmed the sentence.

In connection with the offense of willful disobedience of an officer, the theory of the prosecution at trial was that the accused disobeyed a direct order to proceed to another installation. The hypothesis for absence without authority is self-evident. Trial counsel, to support both charges, introduced in evidence extract copies of certain morning report entries. Had they been admissible they would have furnished support for the finding on both offenses, but having been found inadmissible, the support fails. After concluding the morning report entries were improperly admitted, the board of review reversed the findings as to the absence without leave offense, but for some unexplained reason, it overlooked the fact that they furnished the only evidence to establish an essential element of the other offense.

The obvious error of the board of review has been raised on this appeal, and the Government concedes the conviction cannot be affirmed. That concession, being well supported by the record, requires a reversal. But the appellant is not content with a rehearing as he contends a dismissal must be ordered because the record discloses no available substitute for the evidence held inadmissible by the board of review. As a base for this argument, he cites paragraph 92, Manual for Courts-Martial, United States,

708

1951, which, insofar as is important, provides:

". . . A rehearing may not be ordered in a case in which there is a lack of evidence in the record to support a finding of guilty of the offense charged or of an offense necessarily included in that charged; but if proof of guilt consisted of inadmissible evidence, for which there is available an admissible substitute, a rehearing may properly be ordered."

Appellant's bid for a dismissal loses force when we pause to consider the many admissible substitutes available to the prosecution to show the unauthorized absence. The last part of the quotation taken from paragraph 92 of the Manual, supra, states that a rehearing may properly be ordered when there is available an admissible substitute for the improperly admitted evidence. The example used in the Manual to support the provision quoted is where proof of absence is made by an improperly authenticated documentary exhibit. That is almost this case.

Cf. United States v Chapman, 2 USCMA 138, 7 CMR 14. A morning report is an official record of a unit, and those offered at this trial were held to be inadmissible for two reasons: (1) because of the failure of the prosecution to establish that the individual making the entries had the official duty to know or ascertain the truth of the matters recorded; and (2) the same officer authenticated the extract copies without any showing that he was the official custodian of the original documents from which the extracts were made. Properly authenticated official records to correct either or both of those deficiencies ought to be readily available in the event the case is retried or the Government may be able to prove the necessary element by persons familiar with accused's status during the period involved.

Appellant's other reasons for dismissal do not impress us as requiring discussion.

The petition for review is granted, the decision of the board of review is reversed, and a rehearing is ordered.