UNITED STATES, Appellee

v

JAMES E. BURGESS, JR., Private E–1, U. S. Army, Appellant

8 USCMA 163, 23 CMR 387

No. 10,001

Decided July 19, 1957

*Major Frank C. Stetson* was on the brief for Appellant, Accused.
*Lieutenant Colonel Thomas J. Newton* was on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

During the course of his instructions to the court-martial, relevant to a charge of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, the law officer in this case charged the court as follows:

". . . You are instructed that if a condition of absence without authority *is much prolonged* and there is no satisfactory explanation of it, the court would be justified in inferring *from that fact alone* an intent to

remain absent permanently." [Emphasis supplied.]

We discussed this instruction at length in the case of United States v Cothern, 8 USCMA 158, 23 CMR 382, and decided for reasons stated therein that it was prejudicial error to so instruct a court-martial. Intent to remain away permanently is the key question in the instant case. The disposition of this case is governed by the law as stated in United States v Cothern, supra. Accordingly, the findings of guilty are set aside, and the record is returned to The Judge Advocate General of the Army for reference to a board of review. The board may in its discretion approve the lesser offense of absence without leave and reassess the entire sentence, or it may order a rehearing on the desertion charge.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

There is ample evidence to support a finding of desertion, but the point in issue involves an instructional deficiency. In United States v Cothern, 8 USCMA 158, 23 CMR 382, this day decided, we were confronted with an absence of seventeen days, while here the facts show the accused was a military absentee without authority for over six months. The difference in the length of the absence makes a difference in the appropriateness of the instructions. I would conclude from the length of the absence in the case at bar that reasonable men could infer an intent to remain away from the service permanently and, accordingly, I would affirm the finding.