UNITED STATES, Appellee

v

KENNETH E. WIERMANN, Private E-2, U. S. Army,
Appellant

8 USCMA 609, 25 CMR 113

No. 10,471
Decided January 17, 1958

*First Lieutenant Edwin E. Allen* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig*.

*First Lieutenant Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel John G. Lee*.

## Opinion of the Court

HOMER FERGUSON, Judge:

We granted review in this case to consider the appellant's claim of error both in the law officer's instructions and the staff judge advocate's post-trial review. Conviction of desertion resulted from the accused's unauthorized absence terminated by apprehension. He had pleaded not guilty to the principal offense charged, but guilty of the lesser offense of absence without leave. The law officer, instructing the court on the question of intent, advised as follows:

". . . an intent on the part of the accused to remain permanently absent may be proved by circumstantial evidence. That is, evidence of facts and circumstances from which according to the common experience of mankind such an intent may reasonably be inferred, such as evidence of a much-prolonged period of absence without authority for which there is no satisfactory explanation. . . .

In United States v Soccio, 8 USCMA 477, 24 CMR 287, we condemned a similar instruction. The result must be the same here. In view of our holding, it would serve no useful purpose to discuss the remaining issues which deal exclusively with matter contained in the post-trial review. The decision of the board of review is reversed and the record returned to The Judge Advocate General of the Army for resubmission to a board of review. The board, in its discretion, may approve the lesser included offense of absence without leave and reassess the sentence or it may order a rehearing on the desertion charge.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons set forth in my separate opinion in United States v Soccio, 8 USCMA 477, 24 CMR 287.