UNITED STATES, Appellee

v

ALFRED R. KRAUSE, Private E–1, U. S. Army, Appellant

8 USCMA 746, 25 CMR 250

No. 10,272

Decided February 28, 1958

*First Lieutenant Neil Flanagin* argued the cause for Appellant, Accused. With him on the brief was *Major Frank C. Stetson.*

*First Lieutenant Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused, a German citizen, who enlisted in the United States Army in September 1954, was charged with de-

sertion[1] from December 17, 1954, until January 29, 1957, when he was apprehended. He was tried by a general court-martial and convicted. The court imposed a sentence which included a dishonorable discharge and confinement at hard labor for three years. A board of review reduced the period of confinement to two years, but otherwise affirmed the findings of guilty and the sentence.

On this appeal, the accused contends that the evidence is insufficient to support the findings of guilty. The evidence consists of extracts of entries in the morning reports of the accused's organizations. The first entry, dated December 17, 1954, shows the accused in an unauthorized absence status from "1700 hrs." The second entry indicates that on January 15, 1955, the accused, in an unauthorized absence status since December 17, 1954, was "dropped from rolls" as a deserter. Parenthetically, we note that the law officer instructed the court-martial that the "dropped" part of the entry did not have "any bearing on the issue of whether or not the accused is guilty of desertion, because it is an administrative entry only." The third entry reads as follows:

"ASSIGNED GAINS

5 Feb 1957

Krause Alfred R. RA 19518618 Pvt 1 Unk Cau RA 3 9/57 Asg & jd fr dr fr rolls as deserter fr Ft Ord Calif unit-unk O/A 20 Jan 57 & confi post grdhse pend chgs (App by FBI San Diego Calif 29 Jan 57 & rtn Mil Con this Sta 29 Jan 57)."

In support of his argument, the accused relies upon United States v Mc-Crary, 1 USCMA 1, 1 CMR ▮ 1. There, as here, the only evidence actually presented to the court-martial consisted of entries in the accused's service record. These

showed an unauthorized absence of 60 days terminated by surrender. With the author of the present opinion dissenting, the majority of the Court concluded that the court-martial could, and did, take judicial notice of the fact that the accused's organization was one for personnel scheduled for overseas replacement for the Korean conflict and that the place of the accused's surrender was two thousand miles from his place of duty. In the principal opinion, the Court observed that the evidence "barely" met the "minimum standards required" for conviction, and it seemed to the Court "almost inconceivable that evidence concerning the activities of the accused during his absence could not have been readily obtained and presented." *Ibid*, page 7. The latter criticism bears repetition here, but the differences in the basic facts of the two cases make the former inappropriate. The absence is not 60 days, but more than two years; and the manner of termination of the absence is not surrender, but apprehension.

Discussing the effect of a long term absence in United States v Cothern, 8 USCMA 158, 23 CMR 382, we held that it is not "a substitute for intent" but "its probative value may be great." As for the method of termination, we have held that apprehension is a circumstance which can be considered by the court-martial in determining whether the accused entertained an intent to remain away permanently.[2] The combination of a long absence and apprehension has been considered in innumerable cases in military law to be a sufficient predicate for a finding by a court-martial of an intent to remain away permanently.[3] In similar cases which have come before this Court, we have noted the sufficiency of the evidence to support the finding of the requisite intent.[4] Additional evidence of

[1] Article 85, Uniform Code of Military Justice, 10 USC § 885.

[2] United States v Rushlow, 2 USCMA 641, 10 CMR 139; United States v Schuler, 2 USCMA 611, 10 CMR 109; United States v Boone, 1 USCMA 381, 3 CMR 115; United States v Ferretti, 1 USCMA 323, 3 CMR 57.

[3] See United States v Moore, CM 125904, Dig Op JAG, 1912-40, § 416 (8), page 268; United States v Fagan, 8 BR 229, 230; United States v Hudson, CM 351407; United States v Mackey, CM 351963.

[4] United States v White, 3 USCMA 666, 14 CMR 84; United States v

the accused's intent might be desirable, but the Government is not, as it forcefully argues, required "to establish a perfect or near-perfect case." It need only prove the accused's guilt beyond a reasonable doubt. And the evidence here is sufficient to sustain the court-martial's findings to that effect. United States v Fisher, 7 USCMA 270, 22 CMR 60.

To avoid the reach of the earlier decisions, appellant's counsel contend that the apprehension entry is █ inadmissible because not made pursuant to law. They argue that the particular provision of the regulation which authorizes the entry in the morning report of an organization does not extend to a case where the accused is assigned to a new unit upon his return to military control. See SR 335–50–1, paragraphs 42 and 63; United States v Simone, 6 USCMA 146, 19 CMR 272. Counsel concede that in the Simone case, the regulation was so applied, but they assert that the parties and the Court simply assumed applicability, and, consequently, the case is not controlling. See United States v Posnick, 8 USCMA 201, 24 CMR 11. This argument ignores the background of the amendment to the regulation. The provision for an entry regarding the circumstances of return was added to enable the Army to avail itself of our holding in United States v Coates, 2 USCMA 625, 10 CMR 123, that an official record entry showing such circumstances was admissible in evidence. See JAGJ 1953/6767. We specifically referred to the background of the change in our opinion in the Simone case, and predicated our holding upon it. Moreover, the same argument was directly presented to us in a number of later cases. In each instance, we adhered to our holding in the Simone case.[5]

For his second error, the accused maintains that the law officer's instruc-tion to the court-martial on the effect of the length of his absence █ is prejudicial. In pertinent part, the law officer advised the court-martial as follows:

"In this connection, the court is advised that an intent on the part of an accused to remain permanently absent may be proved not only by direct evidence of the accused's statement of such an intent, but also by circumstantial evidence. That is, evidence of facts and circumstances from which, according to the common experience of mankind, *such an intent may reasonably be inferred, such as evidence of a much prolonged period of absence without authority for which there is no satisfactory explanation,* or that the accused was apprehended at a considerable distance from his station." [Emphasis supplied.]

On oral argument, Government counsel conceded that the instruction is erroneous. The concession is appropriate. United States v Soccio, 8 USCMA 477, 24 CMR 287; United States v Wiermann, 8 USCMA 609, 25 CMR 113; United States v Smith, 8 USCMA 608, 25 CMR 112.

The findings of guilty and the sentence are set aside. The record of trial is returned to The Judge Advocate General of the Army for submission to a board of review. In its discretion, the board of review may affirm the findings of guilty of the lesser offense of an unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and reassess the sentence, or order a rehearing.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in that part of the opinion which holds that an intent to desert may

Creamer, 1 USCMA 267, 3 CMR 1; see also United States v Hendon, 7 USCMA 429, 22 CMR 219.

[5] See United States v Reeves, petition denied August 5, 1957; United States v Howard, petition denied May 13, 1957,

petition for reconsideration denied June 5, 1957. See also United States v Elliott, 8 USCMA 548, 25 CMR 52, in which we granted the petition on other grounds.

be inferred from an unexplained absence of more than two years, coupled with apprehension. See my dissent in United States v Burgess, 8 USCMA 163, 23 CMR 387. I dissent from the portion which reverses this case on the rationale of United States v Soccio, 8 USCMA 477, 24 CMR 287.

I would affirm the decision of the board of review.