**UNITED STATES, Appellee,**

v.

**Thomas McKINNEY, Jr., Private First Class, U. S. Army, Appellant.**

No. 36,359.

CM 436669.

United States Court of Military Appeals.

July 7, 1980.

For Appellant: *Captain Robert L. Galla-way* (argued); *Colonel Edward S. Adam-kewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler* (on brief).

For Appellee: *Captain Harry J. Gruchala* (argued); *Lieutenant Colonel R. R. Boller, Major David McNeill, Jr., Captain Rolland S. Roup* (on brief).

OPINION OF THE COURT

PER CURIAM:

On September 6, 1977, appellant was convicted by general court-martial of selling and possessing heroin on two separate occasions, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 18 months, reduction to E–1, and forfeiture of $200 pay per month for 12 months. The findings and sentence were approved by the convening authority and affirmed by the United States Army Court of Military Review.

In an order dated September 14, 1979, this Court reversed the decision of the Court of Military Review and ordered the Charge and its specifications dismissed, citing *United States v. Nault*, 4 M.J. 318 (C.M.A.1978). *United States v. McKinney*, 7 M.J. 477 (C.M.A.1979). The Government subsequently filed a Petition for Reconsideration, which challenged the appropriateness of the disposition ordered by the Court. Specifically, the Government asserted that the Court should "reconsider its order and authorize a rehearing." Reconsideration was granted on this limited issue.

Upon further consideration of the briefs and arguments by the parties, the Court holds that the disposition was inappropriate. Reversal of the decision of the Court of Military Review was predicated on the determination that various chain-of-custody receipts were inadmissible, and, thus, the Government failed to prove an adequate chain of custody as to the contraband involved. *United States v. Porter*, 7 M.J. 32 (C.M.A.1979); *United States v. Neutze*, 7 M.J. 30 (C.M.A.1979); *United States v.*

*Nault, supra.*\* Government counsel properly note that, except for a reversal of a conviction for "lack of sufficient evidence," a rehearing may be ordered, although the "proof of guilt consisted of inadmissible evidence," if there is an available substitute. Para. 92a, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Porter*, 9 U.S.C.M.A. 656, 26 C.M.R. 436 (1958). *See Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). Here, the Government asserts that the testimony of the agents who handled the contraband in question is an available substitute for the inadmissible evidence.

As in *United States v. Porter*, 7 M.J. at 33, we conclude that a rehearing is appropriate. Accordingly, so much of our order, dated September 14, 1979, that dismissed the Charge is vacated. The record of trial is returned to the Judge Advocate General of the Army for further proceedings consistent with this opinion.

---

\* As the only issue now before the Court is the appropriateness of the remedy, we do not now reexamine the question of whether the chain of custody receipts were properly admitted into evidence. *See generally* Mil.R.Evid. 803(6) and (8) (effective Sept. 1, 1980).