**UNITED STATES**

v.

**James JOHNSON, 283 54 5217, Boatswain's Mate Third Class (E–4), U. S. Navy.**

**NCM 80 0007.**

U. S. Navy Court of Military Review.

Sentence Adjudged 18 June 1979.

Decided 31 Oct. 1980.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

CEDARBURG, Chief Judge:

Appellant was originally tried on 27 November 1978; he was charged with but one specification alleging an unauthorized absence, from 7 June 1977 to 29 July 1978, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. Appellant pleaded guilty to an unauthorized absence from 7 June 1977 to 2 January 1978 but not guilty to the balance of the specification. The military judge found appellant's pleas to have been provident; the Government thereupon presented evidence that appellant had been an unauthorized absentee for the greater period alleged. The proof consisted of a NAVPERS 1070/606 which recited that appellant had left the USS GUAM (LPH–9) on 7 September 1977 and surrendered at "NAC ORLANDO FL" on 29 July 1978. The military judge found appellant guilty as charged and, after hearing the evidence in extenuation and mitigation, sentenced appellant to a reduction to pay grade E–3, confinement at hard labor for 3 months, and a bad–conduct discharge.

On 10 January 1979, the convening authority stated, as concerned appellant's case, that

it appears from the record at trial that incompetent hearsay evidence was erroneously received as evidence as Prosecution Exhibit # 1, a P601–6R. Under the circumstances of this case, the error is materially prejudicial to the substantial rights of the accused. For this reason, the sentence is disapproved and a rehearing is ordered before another court–martial to be hereafter designated.

Appellate Exhibit II. The page 6 entry was apparently determined by the convening authority to be defective because of the lack of signatures to the entries in Block 49 as required by PAYPERSMAN paragraph 90435[d](49). *See United States v. Van Natta*, 7 M.J. 836 (N.C.M.R.1979).

The original offense was rereferred along with a second specification alleging an unauthorized absence; the rehearing was held on 18 June 1979. At this time appellant objected, before pleas, to the introduction of a corrected NAVPERS 1070/606 which the Government offered as its proof of the original charged offense; the basis of this motion was that the document had been prepared solely for the purposes of prosecution. Appellant did not, however, object to the authenticity of the document. The military judge overruled the objection, whereupon appellant entered pleas exactly as he had at the original trial to the original specification and additionally pleaded guilty to the second specification. Once again, after the pleas of guilty to the second specification and of guilty to the shorter period of unauthorized absence of the first specification were found provident, the Government submitted as its evidence a new page 6 which reflects the same information as that offered at the original trial but which now included, in accordance with the applicable regulation, the signature, authorization and command of the person making the entry. Appellant was found guilty of both specifications as charged and, after the introduction of evidence in extenuation and mitigation, sentenced to reduction to pay grade E–3; forfeiture of $50.00 pay per month for 6 months; restriction for 45 days and hard labor without confinement for 45 days, to run concurrently with the restrictions; and a bad–conduct discharge.

The convening authority, in accordance with the "strong recommendation" of the military judge, approved the sentence but suspended the bad–conduct discharge and reduction to pay grade E–3 for 12 months; the supervisory authority approved this and further reduced the period of suspension from 12 to 6 months. On 22 January 1980 the suspensions were vacated and, appellant having waived his right to a formal hearing, the supervisory authority ordered that the sentence as affirmed could be executed upon the completion of appellate review.

Appellant has submitted the following assignments of error for our consideration:

I

AT THE REHEARING, THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXHIBIT # 1 INTO EVIDENCE FOR THE PURPOSES OF PROVING THE TERMINATION DATE OF THE UNAUTHORIZED ABSENCE ALLEGED IN SPECIFICATION 1 OF THE CHARGE.

II

ASSUMING IN ARGUENDO THAT PROSECUTION EXHIBIT # 1 IS CONSIDERED TO BE AN AVAILABLE SUBSTITUTE, IT WAS NONETHELESS INADMISSIBLE HEARSAY SINCE IT WAS PREPARED PRINCIPALLY FOR PURPOSES OF PROSECUTION AND IT LACKED THE REQUISITE EARMARKS OF TRUSTWORTHINESS.

I

Appellant argues that a correct reading of Article 63(a), UCMJ, 10 U.S.C. § 863(a); paragraph 92, Manual for Courts–Martial, 1969 (Rev.) (MCM); and United States v. Eggers, 3 U.S.C.M.A. 191, 11 C.M.R. 191 (1953), requires that a rehearing is permissible after a finding is set aside when the evidence upon which the conviction was based was inadmissible only if the substitute documentary evidence actually existed at the time the rehearing was ordered. See

generally Clausen, Rehearings Today in Military Law, 12 Mil.L.Rev. 145, 159–60 (1961).

■ Article 63(a), UCMJ, provides that a convening authority may order a rehearing upon his disapproval of the findings "except where there is a lack of sufficient evidence in the record to support the findings...." The legislative history of this statute reveals that the "phrase 'evidence in the record' is intended to authorize rehearings where the prosecution has made its case on evidence which was improperly admitted at trial, evidence for which there may well have been an admissible substitute." A Bill to Enact and Establish a Uniform Code of Military Justice; Hearings on H.R. 2498 before a Subcommittee on Armed Services of the House of Representatives, 81st Cong., 1st Sess. 1180 (April 1, 1949). Paragraph 92 of the Manual provides some additional guidance where it states that, "if proof of guilt consisted of inadmissible evidence, for which there is an available substitute, a rehearing may be ordered." The Court of Military Appeals found in Eggers that the test was "whether there exists an available substitute for the evidence held inadmissible by the reviewing agency" when addressing whether to order a rehearing. United States v. Eggers, supra at 198, 11 C.M.R. at 198.

■ The question faced is whether substitute evidence of a documentary nature must actually exist at the time the rehearing is ordered or whether it may be properly prepared at some point after the rehearing is ordered, in accordance with directives, from existing information. Appellant relies upon the discussion addressing this question in the Clausen article to support the proposition that "the substitute evidence must exist in fact at the time the rehearing is ordered if the Eggers decision is to be accorded any weight at all." Appellate defense brief at 4. Clausen had stated that such a proposition "[a]t first blush ... may seem unjustifiable. It is, however, nothing more than a different method of stating the principle that there must be sufficient evidence in the record to support the findings. If there is no substitute in esse there is in fact no evidence." Clausen,

*Rehearings Today in Military Law,* 12 Mil. L.Rev. at 159–60. The Government argues the instant situation as analogous to that example dealing with the failure of authentication found at paragraph 92, MCM, which permits a convening authority to order a rehearing "if he has reason to believe that properly authenticated documentary evidence *will be available* for use at a rehearing," (emphasis added), and that nowhere does the *Manual* require that substitute documentary evidence exist prior to the order of a rehearing. In any case, the Government argues, the evidence in question before us did exist prior to that order inasmuch as the substantive information in block 49 of the second NAVPERS 1070/606 is precisely the same as that contained in the first, inadmissible, document.

We believe that a correct reading of the authorities presented to this Court as well as those cited below supports a conclusion that the substitute evidence of a documentary nature, memorializing a fact required to be recorded, need not exist prior to or at the time the convening authority orders a rehearing as a result of evidence inadmissible because an official record was not prepared in accordance with applicable directives. The information contained in the document existed, or was known, at the time the rehearing was ordered although the document itself was not actually prepared until several days had passed; in view of our holding, however, this is of no moment. This situation is not unlike that faced in *United States v. Porter,* 9 U.S.C. M.A. 656, 26 C.M.R. 436 (1958), in which the Court of Military Appeals permitted a rehearing when the substitute documentary evidence of a marriage may have been available at the time the rehearing was ordered. *See also United States v. Cash,* 12 C.M.R. 215, 221 (ABR 1953) (available substitutes for the inadmissible confession may be secured). We concur with the Government's analysis that the example cited in paragraph 92 is analogous, especially when read in connection with *United States v. Steele,* 6 U.S.C.M.A. 707, 21 C.M.R. 29 (1956). The Court of Military Appeals was confronted in *Steele* with inadmissible morning reports and an appellant who ar-

gued that dismissal was the only appropriate remedy inasmuch as the record disclosed no available substitute for the inadmissible evidence. The Court related that the reports had been inadmissible as official records because there had been no showing that the person who made the entries had the official duty to know or ascertain the truth of that recorded and because the same person who made the entries authenticated the copies without any showing that he was the official custodian of the original documents. The Court stated that, "Properly authenticated official records to correct either or both of those deficiencies ought to be readily available in the event the case is retried...." *Id.* at 709, 21 C.M.R. at 31. We further note that the Court of Military Appeals recently ordered a rehearing in a case involving the failure of chain–of–custody documents. *United States v. McKinney,* 9 M.J. 86 (C.M.A.1980). The Court there noted the assertion by the Government that the testimony of the agents who handled the contraband in question would be an available substitute for the inadmissible evidence. As pertinent to the present case, the facts in *McKinney* upon which the testimony would be based existed at the time the rehearing was ordered, but just as certainly the actual testimony of the agents was not in being.

■ The second NAVPERS 1070/606, which corrected the document found inadmissible by the convening authority, was therefore admissible as substitute evidence. Accordingly, we reject this assignment of error.

### II

[4] Appellant contends that even if admissible as an available substitute, the second, corrected, NAVPERS 1070/606 is inadmissible because it was prepared principally for purposes of prosecution and so lacked "the requisite earmarks of trustworthiness". As we have noted, the document was not prepared until several days after the convening authority's order for a rehearing; this delay alone, the Government submits, is not enough upon which to determine that the document was prepared solely for the purpose of prosecution.

 It is apparent that the concerned officials had a continuing duty to submit a properly completed NAVPERS 1070/606, pursuant to PAYPERSMAN paragraph 90435, to record appellant's unauthorized absence; this duty existed as much after the completion of trial and after the convening authority's action when the deficiency was first officially noted as it did before trial commenced, for unless the document was properly prepared it could not be validly utilized for administrative purposes. Appellant objected at trial as he has before us that the document's only possible purpose, given the length of delay, was as evidence to use in the prosecution of appellant for the unauthorized absence reported in the document. As argued by the Government, however, as a general rule the effect of the point in time at which this document was prepared goes to its weight and not to its admissibility. *United States v. Wilson*, 4 U.S.C.M.A. 3, 15 C.M.R. 3 (1954); *United States v. Takafuji*, 8 U.S.C.M.A. 623, 25 C.M.R. 127 (1958). In this case appellant offered at trial only argument as to the purpose behind the document's preparation; no evidence was presented and no testimony was received in inquiry into the circumstances surrounding the preparation of the document. The NAVPERS 1070/606 in evidence at the rehearing was prepared on its face, pursuant to regulations and there was no objection as to its authenticity. No reasons are stated on the document for its preparation other than that it is to correct a prior report. Thus, in the absence of any evidentiary presentation by the defense of impropriety in its preparation, we will presume regularity in the preparation of the document conforming to current regulations. This assignment of error thus also lacks merit.

Accordingly, the findings and sentence as approved below are affirmed.

Judge SANDERS and Judge BOHLEN concur.