UNITED STATES

v.

John Ralph HOXSIE, 571 21 7051, Airman Recruit (E–1), U. S. Naval Reserve.

NMCM 82 2535.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Oct. 1981.

Decided 24 Sept. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

LT W. David Paxton, JAGC, USNR, Appellate Government Counsel.

**714**

Before ABERNATHY, Senior Judge, and KERCHEVAL and BARR, JJ.

BARR, Judge:

The accused, tried by special court-martial, pled not guilty to the charge and single specification of desertion, in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885. The Government presented only one document on the merits, a Record of Unauthorized Absence (P601–6R) which set forth commencement and termination dates coinciding with the allegation and an entry indicating the absence was terminated by apprehension. The trial defense counsel contested the admissibility of the proffered exhibit on two grounds: that it was not prepared contemporaneous with the commencement of the absence period (the period of absence alleged was from 1 February 1977 to 11 September 1981), and that, as the Government had not pled termination by apprehension in the specification, the portion of the exhibit which contained such entry could not properly be considered by the court on the merits. The military judge found no merit to either ground and admitted the exhibit. The Government then rested. The appellant offered no evidence in defense of the charge. The military judge, quite unnecessarily, offered comments prefatory to announcing his findings to apparently explain or justify his resolution of the evidence. The appellant was convicted of the charge of desertion and thereafter sentenced to a bad-conduct discharge, confinement at hard labor for 135 days, and forfeitures of $350.00 pay per month for a period of five months. The findings and sentence were approved by both convening and supervisory authorities.

Appellant has summarily assigned three errors based on the admission into evidence of the sole exhibit which we shall briefly address.

I

THE MILITARY JUDGE IMPROPERLY ADMITTED, OVER OBJECTION, PROSECUTION EXHIBIT 1, A PAGE 6, THAT WAS PREPARED ON 1 SEPTEMBER 1981 AND PURPORTED TO DOCUMENT AN INCEPTION DATE FOR AN UNAUTHORIZED ABSENCE THAT ALLEGEDLY COMMENCED 4 YEARS EARLIER ON 1 FEBRUARY 1977 (R. 8). THE DOCUMENT SHOULD NOT HAVE BEEN ADMITTED BECAUSE IT WAS NOT PREPARED IN SUBSTANTIAL COMPLIANCE WITH DEPARTMENTAL REGULATIONS THAT REQUIRE TIMELY ENTRIES OF DOCUMENTATION FOR UNAUTHORIZED ABSENCES AND WAS, THEREFORE, IMPERMISSIBLE HEARSAY THAT DID NOT QUALIFY AS AN OFFICIAL RECORD UNDER MILITARY RULE OF EVIDENCE 803(8). BUPERSMAN § 3430150; PAYPERS §§ 90435, 10383 AND TABLE 9–4–38 (*SEE* ATTACHED DOCUMENTS); *UNITED STATES V. ANDERSON,* 12 M.J. 527 (N.M.C.M.R.1981).

II

THE EVIDENCE IS INSUFFICIENT AS A MATTER OF FACT AND LAW TO ESTABLISH BEYOND A REASONABLE DOUBT THE INCEPTION DATE OF THE ALLEGED UNAUTHORIZED ABSENCE BECAUSE THE ONLY EVIDENCE OFFERED BY THE GOVERNMENT WAS A NAVPERS 1070/606 WHICH WAS INHERENTLY UNRELIABLE BECAUSE IT WAS NOT PREPARED IN ACCORDANCE WITH APPLICABLE GOVERNMENTAL REGULATIONS AND SHOULD BE GIVEN MINIMAL WEIGHT. PAYPERS §§ 90435, 10383 AND TABLE 9–4–38; *UNITED STATES V. JOHNSON,* 10 M.J. 556, 560 (N.C.M.R.1980).

III

THE EVIDENCE IS INSUFFICIENT IN LAW TO ESTABLISH BEYOND A REASONABLE DOUBT THAT APPELLANT INTENDED TO REMAIN AWAY FROM HIS UNIT PERMANENTLY IN DESERTION WHEN THE GOVERNMENT'S ONLY EVIDENCE ON THE

MERITS WAS A PAGE 601–6R, RECORD OF UNAUTHORIZED ABSENCE, SHOWING THE LENGTH OF THE UNAUTHORIZED ABSENCE AND ITS TERMINATION BY APPREHENSION BY CIVILIAN AUTHORITIES AT A PLACE NEAR TO HIS LAST DUTY STATION (R. 10–12). *UNITED STATES V. MASTERS,* No. 77 1684 (N.C.M.R. 25 JANUARY 1978).

▬ The analysis and decision of this Court in *United States v. Johnson,* 10 M.J. 556 (N.C.M.R.1980), is dispositive of the first two contentions. The point in time at which a service record document, which is required by service regulations to be submitted and is otherwise regular on its face, is prepared is a factor that goes only to the weight to be accorded the document, not to its admissibility. Little, if any, diminution in weight results where, as here, no challenge, by testimony or other evidence, to its authenticity or reliability as a recordation of an event was presented.

▬ As for the third assigned error, the combination of a long absence and apprehension has been considered to be a sufficient predicate for finding beyond a reasonable doubt an intent to remain away permanently. *United States v. Krause,* 8 U.S.C. M.A. 746, 25 C.M.R. 250 (1958). Where all remaining elements of desertion are similarly proven by that standard, a finding of guilty is both appropriate and sustainable.

▬ Unfortunately, our inquiry into this general issue does not end. As noted, the military judge, prior to announcing his findings, chose to explicate upon the record the rationale for finding the appellant guilty of desertion with the following comments:

The court believes the case law is relatively clear in this area. A lengthy *unexplained* absence accompanied by a termination by apprehension is a sufficient basis to find beyond a reasonable doubt an accused guilty of desertion. There could be no reasonable difference of opinion, I would think, concerning whether this absence is lengthy or not. It seems to be in excess of four years. *There has been no explanation of the absence* that would

indicate that the period of absence was somehow still consistent with a continuing intent to return at some date. In that regard, simply explaining what took place during that time would not necessarily convert a lengthy absence into an explained absence. *I am certain the term, "unexplained lengthy absence" means a lack of a satisfactory explanation* (emphasis added).

The genesis of the terminology "unexplained lengthy absence" and "lack of a satisfactory explanation" appears to be paragraph 164a, *Manual for Courts-Martial, United States, 1951,* where, in discussing the offense of desertion, the Manual stated:

If the condition of absence without proper authority is much prolonged and there is no satisfactory explanation for it, the court will be justified in inferring from that alone an intent to remain absent permanently.

In *United States v. Cothern,* 8 U.S.C.M.A. 158, 23 C.M.R. 382 (1957), the Court, confronted with an instruction which incorporated this paragraph virtually verbatim, concluded that it set forth an erroneous principle of law.

. . . (T)he court-martial could believe that if they found that the absence was much prolonged they would not have to consider the intent of the accused. This, of course, is contrary to the doctrine set forth in the case of *Morissette v. United States,* 342 US 246, 72 S.Ct. 240, 96 L.Ed. 288, and is error. *See also United States v. Miller,* 8 USCMA 33, 23 CMR 257. The court-martial must consider the specific intent of the accused and not some substituted "established fact" of a justifiable inference.

. . . An absence of seventeen days, or seventeen months, or seventeen years, is only an absence—though its probative value may be great—and it is not a substitute for intent.

Within a few months of the *Cothern* decision, the U. S. Court of Military Appeals had occasion to address a similar instruction based on this paragraph in *United States v.*

*Soccio,* 8 U.S.C.M.A. 477, 24 C.M.R. 287 (1957). In addition to reaffirming their holding in *Cothern,* the Court discussed the effect of advising the court members that an intent to remain away permanently might be inferred from the length of absence "in the absence of satisfactory explanation."

> As the length of absence was undisputed, the accused was thus required to convince the court of his innocence by a "satisfactory" explanation of his absence. Such an instruction has the effect of shifting the burden of proof to an accused in order to establish his innocence rather than placing the burden on the government throughout the trial to prove the accused's guilt beyond a reasonable doubt. Article 51(c), 10 U.S.C. § 851(c) of the Uniform Code of Military Justice.

When the Manual was revised in 1969, the clause referring to "satisfactory explanation" was specifically deleted and the matter of prolonged absence was included as merely one of the circumstances from which an inference that an accused intended to remain absent permanently may be drawn. Paragraph 164a, *Manual for Courts-Martial, 1969 (Rev.).* Manual provisions were thereby made consistent with the law enunciated by the Court.

We can perceive little, if any, distinction between the explanatory peroration of the military judge in this case and the instructions condemned in *Cothern* and *Soccio.* The fact that one was a gratuitous explanation for the finding of the military judge and the others were instructions to a members court is of no moment. Clearly, had this military judge instructed a members court utilizing this same language, we would be compelled to find error. Though a military judge normally may be presumed to know the law and apply it, *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970), there is a point beyond which that presumption cannot transcend. We have reached that point in this case. We must presume that the military judge believed the law to be as he expressed it. Under these circumstances, we are unable to say with conviction that he knew the correct principle of law or applied it to the very limited facts in evidence. Accordingly, the finding of guilty to a violation of Article 85, 10 U.S.C. § 885, Uniform Code of Military Justice, must be disapproved. The evidence of record is more than sufficient to support a finding of guilty of the lesser included offense of unauthorized absence. This we shall do and reassess the sentence.

Appellant asserts for the first time on review that:

THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT, PERSONAL JURISDICTION OVER THE APPELLANT.

The basis for this contention is the belief that the holding of the Court in *United States v. Bailey,* 6 M.J. 965 (N.C.M.R.1979), erects a threshold requirement upon the Government to prove beyond reasonable doubt the status of the accused as a member of the military where that accused pleads not guilty to a status offense, such as desertion. From this premise the appellant suggests that the mere statement within the pleading of active duty status coupled with a Record of Unauthorized Absence (P601–6R) offered to prove the elements of the offense charged are insufficient to meet this standard. We cannot subscribe to such an analysis. Requisite to the holding in *Bailey* was a two-step litigation, at trial, of an accused's status in bar of trial and/or in defense to a "purely military offense," with a different standard to be applied depending on when and for what purpose the issue was raised. This Court, sitting *en banc,* stated that

> ... (T)he standard of proof on all motions to dismiss for lack of personal jurisdiction when presented to the military judge, *whether or not* desertion or unauthorized absence is alleged, remains a preponderance of the evidence. If the motion is denied by the judge, the issue of military status, when it bears on the ultimate issue of guilt or innocence, *may be raised again during trial on the merits,* and at that time the government must

prove beyond a reasonable doubt that the accused is a member of the military (emphasis added).

It is clear, therefore, that the condition precedent to the application of the beyond reasonable doubt standard to the underlying factor of military status in a "purely military offense" is raising the personal jurisdiction issue on the merits. In this case, the issue of *in personam* jurisdiction was not raised at trial, by motion or on the merits, either directly or by stretch of the imagination. Its creation as an issue on appeal is buttressed by neither facts, evidence, nor affidavits. We are, quite simply, asked to declare, as a matter of law, that in any contested case involving a status offense, the Government at trial must, as a threshold requirement, prove beyond reasonable doubt the jurisdiction of the court over an accused's person even if such issue is not raised, or, in the alternative, that evidence of a Record of Unauthorized Absence (601–6R) is insufficient, standing alone, to establish personal jurisdiction when an accused does no more than plead not guilty to a "purely military offense." This we will not do.

▮ Under the facts of this case, therefore, we hold that where the pleading identifies the accused as a member of the naval service on active duty, where the court is convened by an officer empowered to do so and who is presumed to know and follow the mandates of, and limitations set forth in, Articles 2 and 17, 10 U.S.C. §§ 802, 817, Uniform Code of Military Justice, where a service record entry (Record of Unauthorized Absence) which is regular on its face and prepared by an official charged by law and regulation with the duty to ascertain the truth of the matters set forth therein is accepted into evidence, where no challenge to that entry on the grounds of authenticity or trustworthiness is made, and where the accused submits to the jurisdiction of the court-martial without objection, either by motion to dismiss or litigation on the merits on the issue of lack of *in personam* jurisdiction, the Government has met its burden of establishing, and thus done all that is required to sustain a non-evidentiary challenge on review to, the jurisdiction of the court-martial to try an accused.

In this case, the unrebutted Record of Unauthorized Absence, absent a jurisdictional challenge, circumstantially established beyond reasonable doubt that this accused was on active duty on the inception date of the absence alleged, and was therefore subject to the jurisdiction of the court-martial. *See United States v. Sturwold,* 12 M.J. 931 (N.M.C.M.R.1982); *United States v. Masseria,* 13 M.J. 868 (N.M.C.M.R.1982). We are aware of no evidence in this case which would dissuade us from so concluding.

The finding of guilty to the charge as a violation of Article 85, UCMJ, is disapproved. A finding of guilty to the lesser offense of unauthorized absence from his unit from 1 February 1977 to 11 September 1981, in violation of Article 86, 10 U.S.C. § 886, UCMJ, is entered and approved. The accused's absence of over four and one-half years, coupled with his prior record of a special court-martial conviction and two nonjudicial punishments, renders the sentence, upon reassessment, entirely appropriate. Accordingly, the sentence as approved on review below is affirmed.

Judge KERCHEVAL concurs.

ABERNATHY, Senior Judge (concurring in the result):

The law allows appellate courts to indulge in the presumption that military judges know the law and apply it correctly. I cannot understand why some of our trial judges set out, almost purposefully, to risk overcoming this most beneficial presumption by explaining their rulings when they are not required to do so. See my concurring opinion in *United States v. Whitmire,* 13 M.J. 587, 588 (N.M.C.M.R.1982).

I concur in Judge BARR's disposition of the case.