UNITED STATES

v.

**Senior Airman Raymond E. THERASSE, FR 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, United States Air Force.**

**ACM S26135.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Aug. 1983.

Decided 20 Jan. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., and Squadron Leader Geoffrey J. Skillen, RAAF.

Before HODGSON, FORAY and LEVANT, Appellate Military Judges.

## DECISION

PER CURIAM:

In a bench trial the accused pleaded not guilty to desertion in violation of Article 85, U.C.M.J., 10 U.S.C. § 885 but guilty to absence without leave in violation of Article 86, Code, 10 U.S.C. § 886, *supra;* he was convicted of desertion and sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $382.00 per month for three months and reduction to airman basic.

I

■ The accused contends on appeal that there is insufficient evidence to establish his intent to remain away permanently, an essential element of the offense of desertion.

The Government offered as proof, a stipulation of fact, entered into by the accused, indicating that the accused on or about 30 June 1981 absented himself from his organization, the 354th Services Squadron, Myrtle Beach Air Force Base, South Carolina, and remained absent from military control without proper authority until on or about 12 July 1983, when he was apprehended by the Hammond, Indiana, City Police.

Trial counsel proceeded on the theory that the facts set forth in the stipulation constituted circumstantial evidence from which an inference could be drawn establishing the intent of the accused to remain away permanently.

The record discloses that the accused remained away from his organization for two years and 12 days and did not return voluntarily, but was apprehended in Hammond, Indiana, a considerable distance from Myrtle Beach, South Carolina. It is further established, *inter alia,* that though there was a military installation, Chanute Air Force Base, only a two and a half hour drive from Hammond, the accused made no attempt to return to the Air Force and turn himself in. It was also shown that the accused obtained civilian employment during his absence.

Factors similar to those presented here have been held to support a finding of an intention to remain away permanently. *See* M.C.M., 1969 (Rev Ed), para 164a., *United States v. Bonds,* 6 U.S.C.M.A. 231, 19 C.M.R. 357 (1957); *United States v. Krause,* 8 U.S.C.M.A. 746, 25 C.M.R. 250 (1958); *United States v. Miller,* 33 C.M.R. 563 (A.B.R.1963); *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Hoxsie,* 14 M.J. 713 (N.M. C.M.R.1982).

Upon review of the record we find that there is sufficient evidence upon which the military judge found the accused guilty of desertion. We also are convinced beyond a reasonable doubt of the accused's guilt. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

II

■ We note that the actions of the special and general courts-martial convening authorities appearing in the record of trial and promulgated in Special Court-Martial Order Number 5 purport to order the sentence into execution. This is error. Article 71(c), U.C.M.J., 10 U.S.C. § 871(c). Those portions of the convening authorities's actions ordering the sentence executed are set aside.

III

■ The remaining assigned errors have been examined and are rendered moot since

the accused has already served the period of confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). Accordingly, the findings of guilty and the sentence are

AFFIRMED.