**UNITED STATES**

v.

**Airman Basic Brennan M. HOXSEY, FR 532–82–2682, United States Air Force.**

**ACM S26153.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 July 1983.

Decided 1 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Bruce T. Brown and Lieutenant Colonel Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and BENKIN, Appellate Military Judges.

## DECISION

BENKIN, Judge:

On 29 June 1983, the accused, while stationed at Kadena Air Base, Japan made a telephone call to the orderly room of the squadron to which he was assigned. The telephone was answered by Sergeant Charles E. Parris. Sergeant Parris was on duty in the orderly room at the time. After identifying himself, the accused unburdened himself of a number of vile, obscene, and defamatory statements directed to, and concerning, Captain Elva A. Rivera. Captain Rivera was the commander of the Headquarters Section of the squadron to which the accused was assigned.

As a result of his telephonic comments relating to Captain Rivera, the accused was charged with one specification of disrespectful behavior toward his superior commissioned officer, in violation of Article 89, Uniform Code of Military Justice. He was also charged with additional offenses arising from his other activities at about the same time: Two specifications of wrongful use of a controlled substance (diazepam and dihydrocodeine, respectively), in violation of Article 134, U.C.M.J., 10 U.S.C. § 934, and one specification of being an accessory after the fact to larceny of some phonographic equipment, in violation of Article 78, U.C.M.J., 10 U.S.C. § 878. The accused was tried by a special court-martial. He elected a trial before the military judge alone, and entered a plea of not guilty to the Article 89, 10 U.S.C. § 889 charge and a plea of guilty to the remaining charges. He was convicted of all of the charges and the specifications thereunder and was sentenced to a bad conduct discharge, confinement at hard labor for four months, and forfeiture of $275.00 per month for four months. The sentence was approved by the convening authority and the general court-martial authority.

In his assignments of error, the accused contends that he should not have been prosecuted under Article 89 because his alleged disrespectful behavior towards Captain Rivera took place during a private conversation. He relies on language in paragraph 168 of the Manual for Courts-Martial, counselling that "in general it is considered objectionable to hold one accountable under this article for what was said or done by him in a purely private conversation." The Manual does not define the term "private conversation". The accused appears to take the position that his telephone conversation

with Sergeant Parris falls under the "private conversation" rubric because "No other persons were privy to the phone call." Accused's assignment of errors, p. 2.

We disagree with the contention that a violation of Article 89 "conveyed by opprobrious epithets or other contemptuous or denunciatory language" (M.C.M., paragraph 168) somehow loses its offensive and criminal character merely because it occurred in the context of a statement by the accused to another member while no one else was present to overhear what was said. Assuming, *arguendo,* that the above-quoted "private conversation" statement in paragraph 168, M.C.M., is something more than precatory advice, it simply does not apply to a situation where, as here, the accused makes the statement to another member while both are in the course of performing their military duties. The record makes it clear that the accused made the telephone call, not out of desire to hold a friendly man-to-man conversation with Sergeant Parris about personal matters, but in order to report that he would not be present for duty on time. Sergeant Parris, it is equally clear, spoke with the accused because his then-current duties included answering the telephone in the orderly room and talking with airmen assigned to the squadron about, *inter alia,* whether they would be present for duty as scheduled. There is not the slightest indication that he spoke with the accused in a capacity other than a Government official. In *United States v. Montgomery,* 11 C.M.R. 308, 313 (A.B.R. 1953), *pet. denied,* 12 C.M.R. 204 (1953), it was held that statements made by the accused during a poker game did not fall within a "private conversation" exception to Article 89. The situation in the instant case is *a fortiori.*

In his second, and final assignment of error, the accused contends that he is entitled to have the 15 days he spent in pretrial confinement credited upon his sentence. The Court of Military Appeals has recently held that, as a general proposition, an accused is entitled to credit for pretrial confinement in the determination of a sentence to confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). That holding, by its terms, does not apply retroactively to a case in which the sentence to confinement has been completely served prior to completion of appellate review. *United States v. Allen, supra,* at 128. The record in the instant case indicates that the accused's confinement expired on 26 October 1983. Therefore, the *Allen* rule is inapposite and the issue of the accused's entitlement to credit for pretrial confinement is moot.

The findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.