UNITED STATES

v.

Santana E. BELMONT, 089 50 5431, Lance Corporal (E–3), U.S. Marine Corps.

NMCM 87 3696.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 May 1987.

Decided 14 March 1988.

LCDR J.J. Quigley, JAGC, USN, Appellate Defense Counsel.

LCDR L. Saccoccio, JAGC, USN, Appellate Defense Counsel.

Lt. Scott A. Hagen, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

Pursuant to his pleas at a special court-martial bench trial, appellant was convicted of one specification of forgery, two specifications of breaking restriction, and one specification of using cocaine in violation of, respectively, Articles 123, 134, and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 923, 934, and 912a. He was sentenced to confinement for 45 days, forfeiture of $200 pay per month for 1 month, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, in accordance with the pretrial agreement, purported to suspend all confinement in excess of 110 days for 12 months.

Appellant contends that the convening authority's action failed to apply 26 of the 71 days of administrative credit that he was entitled to for pretrial confinement served under *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), and, moreover, that the action improperly attempted to suspend all confinement adjudged in excess of 110 days when only 45 days of confinement were adjudged. Appellant asks this Court, therefore, to affirm forfeitures of only $27 per month for one month.

Page 1 of the charge sheet in the record of trial indicates that appellant was in pretrial confinement from 11 March 1987 until the date of trial, 21 May 1987. There was no evidence or argument at trial or now before this Court that this pretrial confinement was illegal. Thus, pursuant to *United States v. Allen, supra*, appellant was entitled to 71 days of credit for pretrial

confinement served. Since the appellant was sentenced to only 45 days of confinement, however, the effect of the administrative credit was to make his sentence to confinement fully served as of the date of trial. Consequently, the confinement adjudged being insufficient to offset the total credit to which the appellant is entitled, 26 of the 71 days of administrative credit remain unapplied. Appellant, citing *United States v. Bennett*, No. 87 3337 (NMCMR 17 November 1987), urges this Court to apply this 26 days of hitherto unapplied credit against the adjudged forfeitures.

■ In *United States v. Bennett, supra* (where there was also insufficient confinement adjudged to offset administrative credit for pretrial confinement) this Court cited Rule for Courts–Martial (R.C.M.) 305(k), Manual for Courts–Martial, United States, 1984, and applied the remaining credit to the adjudged forfeitures. In both this case and in *Bennett* there was no evidence or argument that the pretrial confinement was illegal. Appellant contends that we should follow our decision in *Bennett* and offset the pretrial confinement credit in this case against the forfeitures adjudged. The Government contends that *Bennett* was incorrectly decided and urges us to overrule it. We agree with the Government and overrule.

■ R.C.M. 305(k) states that the remedy for noncompliance with the pretrial confinement procedures set forth in R.C.M. 305(f), (h), (i), and (j) is administrative credit against the sentence adjudged for any confinement served as a result of such noncompliance. The rule further states that if the confinement is insufficient to offset the credit to which the accused is entitled, the credit shall be applied to the other adjudged punishments (except a punitive discharge). Finally, this rule states that credit shall be applied to forfeitures of pay on a one-to-one basis (one day of confinement equal to one day of total forfeiture). R.C.M. 305(k) does not, however, require administrative credit for *lawful* pretrial confinement. In fact, the Manual for Courts–Martial does not discuss administrative credit for lawful pretrial confinement at all. That remedy comes solely from *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).

The decision of the Court of Military Appeals to grant day-for-day administrative credit for lawful pretrial confinement was based on Department of Defense Instruction 1325.4 (7 October 1968) which states that the procedures in the military for computation of sentence are to be in conformity with those published by the Department of Justice. *United States v. Allen*, 17 M.J. at 126. Since the Department of Justice granted administrative credit for pretrial confinement pursuant to 18 U.S.C. § 3568, the Court of Military Appeals held that the DOD directive required the military to do the same. *Id.* *Allen* does not hold, however, that such administrative credit shall be applied to other court-martial punishments when the adjudged confinement is insufficient to offset the administrative credit. In fact, in its denial of the appellant's petition for reconsideration in *Allen*, the Court of Military Appeals, noting that "the credit relief given is moot in appellant's case as his sentence to confinement has been served," concluded that Allen was "not entitled to relief alternative to administrative credit for pretrial confinement." *United States v. Allen*, 17 M.J. 360 (C.M.A.1984) (Petitions for Reconsideration Denied). In the approximately 54 cases in which the Court of Military Appeals granted *Allen* relief between the time of the *Allen* decision and the time where it no longer felt it necessary to take action in such cases,[1] the Court did not offset pretrial confinement credit against forfeiture of pay or any other court-martial punishment besides confinement. The other Courts of Military Review have likewise declined to apply administrative credit for lawful pretrial confinement to forfeitures or other punishments. *United State v. Bruce*, 17 M.J. 1083, 1085 (AFCMR 1984)

---

1. *See United States v. Welch*, 17 M.J. 430, 431 (C.M.A.1984) (finding it no longer necessary to take action in cases raising the administrative credit issue because the military services directed their confinement facilities to give administrative credit for pretrial confinement to all prisoners confined pursuant to court-martial sentences).

**518**

(no further remedy if confinement completed); *United States v. Therasse*, 17 M.J. 1068, 1069–1070 (AFCMR 1984) (*Allen* issue "rendered moot since the accused has already served the period of confinement." (accused had been sentenced to forfeiture of $382 per month for 3 months in addition to confinement for 3 months and other punishments)); *United States v. Hoxsey*, 17 M.J. 964, 966 (AFCMR 1984) (since accused's confinement had been served, "*Allen* rule is inapposite and the issue of the accused's entitlement to credit for pretrial confinement is moot.").

Finally, as pointed out by appellate government counsel, the current federal scheme for calculation of a term of imprisonment in 18 U.S.C. § 3585 provides for pretrial confinement credit and contains separate provisions for the imposition of fines, but does not contain any provision which requires that excess pretrial confinement credit shall be applied to reduce the amount of fines. Accordingly, there is no reason in statute, regulation, or case law for the military services to offset administrative credit for lawful pretrial confinement against forfeitures of pay or fines.

■ Accordingly, we hold that our earlier decision in *United States v. Bennett*, No. 87 3337 (NMCMR 17 November 1987), was incorrect and is overruled insofar as it provides for the offset of administrative credit for lawful pretrial confinement against forfeitures of pay. The appellant's first assignment has no merit. Since his period of confinement has run in its entirety, the issue of the application of pretrial confinement credit is moot.

■ With respect to appellant's second assignment of error (that the convening authority improperly attempted to suspend confinement in excess of 110 days when only 45 days of confinement were adjudged), however, we agree. The purported suspension is a nullity.

Accordingly, the findings and only so much of the sentence as provides for confinement for 45 days, forfeiture of $200 pay per month for 1 month, reduction to

E–1, and a bad-conduct discharge are affirmed.

Chief Judge BYRNE and Judge COUGHLIN concur.