UNITED STATES

v.

**Airman Robert F. McCARTHY, FR 037–46–8264, United States Air Force.**

ACM S28063.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 March 1989.

Decided 22 June 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain William E. Boyle and Captain Michael C. Barrett, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

DECISION

PER CURIAM:

Airman McCarthy "thought one time wouldn't hurt" and used and distributed marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. His sentence is a bad conduct discharge, forfeiture of $400.00, confinement for 50 days, and reduction to airman basic.

In our examination of the record of trial, we noted that the special court-martial convening authority sought in his initial action to approve and order executed that part of the sentence extending to a bad conduct discharge. Such initial action was erroneous and without authority. Article 71(c)(1), UCMJ, 10 U.S.C. § 871(c)(1); R.C.M. 1113(c), 1209, and 1201(a)(2)(A).

In the past, we have set aside the convening authority's action and sent the case back for correction pursuant to R.C.M. 1107(f)(2) and 1107(g). Upon reflection, we believe it more efficient to merely set aside the erroneous part of the action and proceed with expeditious disposition of the case. Accordingly, we find here that so much of the action of the convening authority as purports to order execution of the bad conduct discharge portion of the sentence is void. *United States v. Therasse,* 17 M.J. 1068, 1069 (A.F.C.M.R.1984) and *United States v. Johnson,* 39 C.M.R. 944, 947 (A.F.B.R.1968).

Appellate Government Counsel's MOTION TO ADMIT DOCUMENT, an acknowledgement of receipt of service on the trial defense counsel of the Staff Judge Advocate's Recommendation (which was inadvertently omitted from the record of trial), is GRANTED. We caution staff judge advocates and others concerned with military justice that one of the matters which must be attached to the record is proof of such service on the defense counsel. *See* R.C.M. 1103(b)(3)(G) and 1106(f)(1).

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.